# EXHIBIT A

# PASKOWITZ & ASSOCIATES

### 60 EAST 42ND STREET, 46TH FLOOR
### NEW YORK, NEW YORK 10165

---

TEL. (212) 685-0969 · (800) 705-9529
FAX (212) 685-2306
E-MAIL: CLASSATTORNEY@AOL.COM

June 12, 2008

<u>Via Overnight Mail</u>

To the Board of Directors of Intel Corp.
c/o Craig R. Barrett, Chairman
2200 Mission College Blvd.
Santa Clara, CA 95054-1549

*Re: Shareholder Demand on the Intel Board of Directors to Investigate Claims, Initiate*
*Appropriate Legal Action, and Take Necessary and Appropriate Remedial Measures*

Dear Members of the Intel Board of Directors:

We represent Ms. Annette Villari, a long time Intel shareholder. On behalf of our client, this letter constitutes a demand for the Intel Board of Directors to investigate certain claims, initiate appropriate legal action, and take necessary and appropriate remedial measures to ensure that the corporation is protected from further harm.

As you are aware, a controversy has arisen regarding Intel's potentially anticompetitive business practices. Major media sources, including the New York Times, Forbes, the Associated Press, Business Week and the Minneapolis Star Tribune, recently reported that the Federal Trade Commission ("FTC") opened a formal antitrust investigation of Intel in response to accusations that Intel's pricing is calculated to maintain a functional monopoly on the microprocessor market.

> *In a sign that Intel Corp.'s legal woes are going from bad to worse, federal antitrust regulators*
> *have launched a major investigation into the company's business practices to determine*
> *whether they may have hurt consumers and competitor Advanced Micro Devices Inc.*
> -Bob Cox, "Intel Targeted in Antitrust Investigation" Minneapolis Star Tribune. June 6, 2008.

The FTC investigation is only the latest development in Intel's global legal battle, and marks an increased interest of American regulators into the controversy surrounding Intel's potentially illegal business practices. As early as 2005, Intel reached a settlement with Japan's Fair Trade Commission ("JFTC"), which had

Craig R. Barrett, Chairman
Intel Board of Directors
June 12, 2008—Page Two

> *[R]uled against Intel, saying the chip maker used its position to influence several Japanese PC manufacturers to limit or eliminate AMD chips used in their systems. Intel, in response, accepted the JFTC's recommendations, which called for it to cease practices such as offering favorable prices to companies that agree to limit their use of AMD chips. But the company said it disagreed with the JFTC's findings of facts and with the application of the law in its recommendations."*
> -John G. Spooner, "AMD Files Suit Against Intel" eWeek.com. June 28, 2005. (available at http://www.eweek.com/c/a/Desktops-and-Notebooks/AMD-Files-Suit-Against-Intel/).

Likewise, the European Union and the State of New York are currently conducting similar investigations of Intel's allegedly anti-competitive practices. The most recent regulatory decision finding Intel's practices illegal was announced June 5, 2008, when the Korean Fair Trade Commission ordered Intel to pay more than $25 million for violating its fair trade laws.

> *The Korean commission found that Intel had violated antitrust law when it offered $37 million in rebates to the personal computer makers, Samsung Electronics and the Trigem Company, from 2002 to 2005 in return for a pledge not to buy microprocessors from A.M.D. Intel responded by saying it was disappointed with the decision and would probably appeal.*
> - Stephen Labaton, "In Turnabout, Antitrust Unit Looks At Intel" New York Times. June 7, 2008.

In addition to Intel's issues with regulatory bodies, private lawsuits against the company are another obvious source of concern. As you are of course aware, Intel currently controls about 80% to 90% of the microchip processor market share. Advanced Micro Devices ("AMD") controls the remainder of the market. AMD has accused Intel of systematically giving its customers significant discounts, at times reducing prices below Intel's manufacturing costs, in exchange for commitments to not do business with competitors, namely, Intel's only competitor, AMD.

AMD filed a broad antitrust lawsuit in the U.S. District Court for the District of Delaware against Intel in 2005, claiming that Intel violated the Sherman Antitrust Act, the Clayton Act and the California Business and Professional Code by illegally maintaining its monopoly by influencing the product plans of computer makers to limit consumers' ability to choose between different types of products. AMD's lawsuit identifies 38 companies, including Hewlett-Packard Co., that Intel allegedly pressured to not use AMD chips, or to limit their use of AMD chips. In addition to AMD's domestic suit, AMD also has pending antitrust litigation against Intel in the Tokyo High Court.

In its suit in Delaware, AMD is currently challenging Intel's implementation of its document retention policy, which Intel drew up as soon as it learned of AMD's lawsuit. According to Intel's sworn testimony, there were a number of mistakes occurred in the actual implementation of its policy.

Craig R. Barrett, Chairman
Intel Board of Directors
June 12, 2008—Page Three

> *In addition, individuals [at Intel] often failed to retain sent e-mails as well as received e-mails, and the backup tapes in Europe were mistakenly erased after 12 months despite an order to retain them for the duration of litigation. AMD was understandably unhappy about this, stating, "Through what appears to be a combination of gross communication failures, an ill-conceived plan of document retention and lackluster oversight by outside counsel, Intel has apparently allowed evidence to be destroyed.*

-Joel Hruska, "AMD Forces Intel to Turn Over More Documents." ars technica. May 16, 2008. (available at http://arstechnica.com/news.ars/post/20080516-amd-forces-intel-to-turn-over-more-documents.html).

According to Intel's SEC filings, at least 83 class actions have been filed that repeat AMD's antitrust allegations and allege various consumer injuries. Most of these suits are currently consolidated in U.S. District Court in the District of Delaware and the Superior Court of California in Santa Clara County.

It is incumbent upon the Board to thoroughly investigate all of these allegations, and bring legal action to protect the Company and its shareholders, including actions for breach of fiduciary duty, unjust enrichment and other available causes of action. The potential defendants include not only executives but Board members who have not conscientiously worked to ensure that Intel conducted its business solely through lawful means.   The Board should also investigate and evaluate any ongoing activities that may violate the antritrust laws, as such conduct could expose Intel to greater scrutiny and harm than it already faces from past activities including, but not limited to, governmental enforcement actions, competitor lawsuits, and treble damage penalties.

We ask finally that the Board review its own actions and those of its members concerning the manner in which they did or did not appropriately discharge their fiduciary duties with respect to the underlying claims

Please advise me within 60 days regarding what action you intend to take in response to this Demand.

Yours truly,

Laurence D. Paskowitz