IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| IN RE INTEL CORP. DERIVATIVE LITIGATION | C.A. No. 1:09-cv-867-JJF |

## SCHEDULING ORDER

Plaintiffs Charles A. Gilman and Louisiana Municipal Police Employees' Retirement System ("MPERS," and together with Mr. Gilman, "Plaintiffs"), and defendants Craig R. Barrett, Carol Bartz, Charlene Barshefsky, Susan L. Decker, John J. Donahoe, D. James Guzy, Sr., Paul S. Otellini, David S. Pottruck, James D. Plummer, Jane E. Shaw, David B. Yoffie, and Frank D. Yeary (collectively, the "Individual Defendants") and nominal defendant Intel Corporation ("Intel" or the "Company, and together with the Individual Defendants, the "Defendants"), having applied pursuant to Federal Rule of Civil Procedure 23.1 for an order approving the proposed settlement (the "Settlement") of the above-captioned derivative action (the "Delaware Action"), in accordance with the terms and conditions of the Stipulation of Stipulation of Settlement entered into by the parties and dated May 25, 2010 (the "Stipulation");

NOW, upon consent of the parties, after review and consideration of the Stipulation filed with the Court and the exhibits annexed thereto, and after due deliberation,

IT IS HEREBY ORDERED this ___ day of _____, 2010, that:

1.     Capitalized terms used in this Scheduling Order but not defined herein shall have the meanings set forth in the Stipulation.

2. A settlement hearing (the "Settlement Hearing") shall be held on _____, 2010, at _____ _.m. at the United States Courthouse, 844 N. King Street, Wilmington, Delaware 19801, to determine whether the Court should: (i) approve the Settlement pursuant to Federal Rule of Civil Procedure 23.1 as fair, reasonable, adequate and in the best interests of Intel and its shareholders; (ii) enter an Order and Final Judgment dismissing the Delaware Action with prejudice, and releasing and barring prosecution of any and all Settled Claims; (iii) consider the application of Delaware Plaintiffs' Counsel and the application of Related Plaintiffs' Counsel for an award of attorneys' fees and expenses; and (iv) hear such other matters as the Court may deem necessary and appropriate.

3. The Court reserves the right to adjourn the Settlement Hearing or any adjournment thereof without further notice of any kind other than oral announcement at the Settlement Hearing or any adjournment thereof.

4. The Court reserves the right to approve the Settlement at or after the Settlement Hearing with such modification(s) as may be consented to by the parties to the Stipulation and without further notice to Intel shareholders.

5. Within ten (10) business days after the date of this Order, Intel shall cause a Notice of Pendency of Derivative Action, Proposed Settlement of Derivative Action, Settlement Hearing and Right to Appear (the "Notice"), substantially in the form annexed as Exhibit B to the Stipulation, to be mailed by First Class Mail, to all record holders of common stock of Intel as of May 25, 2010 at the respective addresses currently set forth in the records of the Company's transfer agent. Furthermore, Intel shall use reasonable efforts to give notice to all beneficial owners of common stock of Intel as of May 25,

2010 (a) by providing additional copies of the Notice to any record holder requesting the Notice for purposes of distribution to such beneficial owners; and (b) by posting a copy of the Notice on Intel's corporate website.  All of the expenses related to the distribution of the Notice shall be paid by Intel, whether or not the Settlement is approved.

6. The form and method of notice herein is the best notice practicable and constitutes due and sufficient notice of the Settlement Hearing to all persons entitled to receive such a notice.  Intel shall, at least ten (10) days before the Settlement Hearing directed herein, file with the Court an appropriate affidavit with respect to the preparation and mailing of the Notice to Intel shareholders.

7. All proceedings in the Delaware Action, other than such proceedings as may be necessary to carry out the terms and conditions of the Settlement, are hereby stayed and suspended until further order of this Court.

8. Any Intel shareholder who objects to the Settlement, the Order and Final Judgment to be entered in the Delaware Action, and/or the applications by Delaware Plaintiffs' Counsel and Related Plaintiffs' Counsel for an award of attorneys' fees and expenses, or who otherwise wishes to be heard, may appear in person or by his or her attorney at the Settlement Hearing and present evidence or argument that may be proper and relevant; provided, however, that, except for good cause shown, no person shall be heard and no papers, briefs, pleadings or other documents submitted by any person shall be considered by the Court unless not later than ten (10) business days prior to the Settlement Hearing such person files with the Court and serves upon counsel listed below: (a) a written notice of intention to appear; (b) proof of ownership of Intel stock; (c) a statement of such person's objections to the Settlement, or any related matters before

the Court; and (d) the grounds for such objections and the reasons that such person desires to appear and be heard, as well as all documents or writings such person desires the Court to consider. Such filings shall be served upon the following counsel:

>Laurence D. Paskowitz, Esq.
>PASKOWITZ & ASSOCIATES
>60 East 42nd St., Suite 4600
>New York, NY  10165
>
>and
>
>Jeffrey C. Block, Esq.
>BERMAN DEVALERIO
>One Liberty Square
>Boston, MA 02109
>
>Co-Lead Counsel for the Delaware Plaintiffs
>
>and
>
>Jonathan C. Dickey, Esq.
>GIBSON, DUNN & CRUTCHER LLP
>200 Park Avenue, 47th Floor
>New York, NY  10166
>
>Attorneys for Intel and the Individual Defendants other than D. James Guzy
>
>and
>
>Kim David Staskus, Esq.
>LAW OFFICES OF KIM DAVID STASKUS, P.C.
>1631 Willow Street, Suite 100
>San Jose, CA  95125
>
>Attorneys for Defendant D. James Guzy

Delaware Plaintiffs' Counsel shall, promptly upon receipt of any such filing, forward a copy of such filing to Related Plaintiffs' Counsel.

9. Unless the Court otherwise directs, no person shall be entitled to object to the approval of the Settlement, any judgment entered thereon, any award of attorneys' fees, or otherwise be heard, except by serving and filing a written objection and

4

supporting papers and documents as prescribed above. Any person who fails to object in the manner described above shall be deemed to have waived the right to object (including any right of appeal) and shall be forever barred from raising such objection in this or any other action or proceeding.

   10. Plaintiffs shall file all papers in support of the proposed Settlement no later than five (5) calendar days before the Settlement Hearing.

   11. In the event that the proposed Settlement does not receive Final Approval by the Court, or the Court approves the Settlement but such approval is reversed or vacated on appeal, reconsideration or otherwise, and such order reversing or vacating the Settlement becomes final by lapse of time or otherwise, or if any of the conditions to such Settlement are not fulfilled, then the proposed Settlement shall be of no further force or effect, and the Settlement and all negotiations, proceedings and statements relating thereto and any amendment thereof shall be null and void and without prejudice to any party hereto, and each party shall be restored to his, her or its respective position as it existed prior to the execution of this Settlement.

_____
UNITED STATES DISTRICT JUDGE