UNITED STATES DISTRICT COURT
DISTRICT OF DELAWARE

---------------------------------------------------x

IN RE INTEL CORP. DERIVATIVE
LITIGATION.

C.A. No. 1:09-cv-867-JJF

Re: Docket I.D. 52 & 55

---------------------------------------------------x

## OBJECTIONS OF OBJECTOR WILLIAM KELLY PULS TO PROPOSED SETTLEMENT AND NOTICE OF INTENT TO APPEAR

COMES NOW, WILLIAM KELLY PULS ("Objector") Class Member to this action, by and through his undersigned counsel, and hereby files this objection ("Objection") to the Proposed Class Action Settlement ("Settlement"), gives notice of his counsel's intent to appear at the July 20, 2010, settlement hearing, and request awards of an incentive fee for serving as unnamed class member objector.

Objector, WILLIAM KELLY PULS, represents to the court that he is a Class Member, qualified to make a claim for the proposed relief as set forth in the SUMMARY OF ACCOUNT (Exhibit "A").

### I. Derivative Plaintiff's Counsel Has Not Clearly Provided Any Benefit

Rule 23.1 of the Federal Rules of Civil Procedure states a derivative action may be settled "only with the court's approval." Courts generally use the same standards in evaluating the fairness of derivate class actions as in other class action lawsuits. *See Bell Atlantic Corp. v. Bolger*, 2 F.3d 1304, 1315 (3d Cir. 1993). Therefore, the Court must act as a fiduciary for absent class members and "independently and objectively analyze the evidence and circumstances before it in order to determine whether the settlement is in the best interest of those whose claims will be extinguished." *In re Cendant Corp. Litig.*, 264 F.3d 201, 231 (3d Cir. 2001).

In this case, this duty cannot be properly executed because it is not clear what the Derivative Plaintiff's counsel actually provided for the shareholders of Intel through their efforts. In fact, much of the Settlement simply explains antitrust compliance programs and

1

procedures that were initiated prior to their involvement with the suit. The only arguable benefit that Derivative Plaintiff's counsel provided in regard to these programs was Intel's agreement to "commit the monetary and personnel resources necessary and appropriate to implement and enforce the Company's future antitrust compliance programs, procedures, training and systems." Intel already took the initiative to implement these programs and procedures. Their agreement to fund and staff these programs is insignificant and provides little value to the shareholders.

The second portion of the Settlement deals with compliance programs and procedures that were created after the filing of this lawsuit in November of 2009. However, it is not clear what benefit the settlement negotiations provided. There is no way for the shareholders to determine precisely what programs and procedures are attributable to the efforts of Derivative Plaintiff's counsel and what was created without their input. Without this information, the shareholders cannot determine what they have actually gained through Derivative Plaintiff's counsel's representation.

The Settlement should not be approved until the shareholders are given a clear understanding of what benefit was attributable to the Derivative Plaintiff's counsel's settlement negotiations. Otherwise, it would be unfair to the shareholders because their legal claims would be extinguished for an unknown benefit.

## II. The Requested Fee's are Excessive

The fee's in this case should be calculated using lodestar where "the court assesses the number of hours that lead counsel reasonably worked, decides the reasonable hourly rate for the lawyers' services, and determines counsel's fee by multiplying the number of hours reasonably worked by the reasonable hourly rate." *In re Cendant Corp. Litig.*, 264 F.3d at 255.

Here, the requested attorney fees of $850,000 for Rosenfeld's Counsel and $1,800,000 for Delaware Plaintiff's Counsel and counsel in the Paris action are excessive.

First, without the supporting documentation it is impossible to evaluate the reasonableness of the attorney's fees and determine the proper lodestar. This case is less than a year old and Derivative Plaintiff's attorneys have not even had to withstand a motion to dismiss. Based on these facts, it is unlikely that the lodestar justifies a $2.65 million dollar fee.

Secondly, the benefit conferred upon the class does not justify the requested fees. As discussed above, any benefit this Settlement provides to the shareholders cannot be traced to the efforts Derivative Plaintiff's attorneys. The only actual benefit that can be attributed to the attorneys is that Intel has to stick to the programs and procedures for three years from June 30, 2010. The attorney's should be required to show that their negotiations created an actual benefit for the shareholders and what those benefits are. This objector also reserves the right to supplement this Objection once Derivative Plaintiff's counsel files their fee application.

Wilmington, DE
Dated: July 6, 2010

Ian Connor Bifferato (#3273)
Kevin G. Collins (#5149)
800 N. King Street
Plaza Level
Wilmington, DE 19801
(302) 225-7600 Ph
(302) 254-5383 Fax

-and-

Darrell Palmer, LL.M.
Law Offices of Darrell Palmer
603 North Highway 101, Ste A
Solana Beach, CA 92075
(858) 792-5600 Ph
(866) 583-8115 Fax
Darrell.palmer@palmerlegalteam.com

*Attorneys for William Kelly Puls*