| | |
|---|---|
| Meyer, Mike | 6/5/09 |
| Neeld, Jerele | 1/21/2009; 1/22/2009 |
| Neland, Glenn | 5/27/2009; 5/28/2009 |
| Osako, Philip | 6/10/09 |
| O'Sullivan, Fran | 3/25/2009; 5/13/2009 |
| Pereira, Rich | 11/7/08 |
| Rasmussen, Dave (David) | 4/10/09 |
| Rollins, Kevin | 3/31/2009; 4/1/3009; 5/12/2009 |
| Russell, Richard | 4/29/09 |
| Sargent, Matt | 6/10/09 |
| Scala, Peter | 6/18/09 |
| Schmoock, David | 6/2/09 |
| Shahbazi, Saeed | 3/10/09 |
| Sieker, Lisa | 6/11/09 |
| Simons, Mark | 5/21/09 |
| Spierkel, Gregory M. | 5/29/09 |
| Sprachman, Benjamin | 5/27/09 |
| Srinivasan, Rajesh | 4/16/09 |
| Tallman, Jim | 6/5/09 |
| Tibbils, Kent and Jang, Karen | 6/5/09 |
| Van Lieshout, Paul | 6/9/09 |
| Waitt, Ted | 6/2/09 |
| Walker, Richard | 7/2/09 |

RLF1-3455646-1

| Whitney, Susan | 1/28/2009; 1/29/2009 |
| --- | --- |
| Wong, James (Jim) | 6/12/09 |
| Zeitler, Bill | 4/16/09 |
| Zitzner, Duane | 3/26/09 |

2 Nothing in this stipulation shall limit either party's right to object on a question by question basis to deposition testimony offered into evidence at trial, nor to object to the witness' deposition testimony as a whole on grounds of relevance, cumulativeness, or undue prejudice. Nothing in this stipulation shall prevent either party from calling a third party witness enumerated above live if his or her attendance at trial can be procured; however, in that event the parties do mutually and irrevocably waive the right to object to the other's calling such individual to testify by deposition as provided for in paragraph 1 hereof.

/s/ Frederick L. Cottrell, III
Frederick L. Cottrell, III (#2555)
Chad M. Shandler (#3796)
Steven J. Fineman (#4025)
Richards Layton & Finger P.A.
One Rodney Square
920 North King Street
Wilmington, DE 19899
(302) 651-7836
cottrell@rlf.com
shandler@rlf.com
fineman@rlf.com
*Attorneys for Advanced Micro Devices, Inc.
and AMD International Sales & Service, Ltd.*

/s/ W. Harding Drane, Jr.
Richard L. Horwitz (#2246)
W. Harding Drane, Jr. (#1023)
Potter Anderson & Corroon LLP
Hercules Plaza, 6th Floor
1313 N. Market Street
Post Office Box 951
Wilmington, DE 19890-0951
(302) 984-6000
rhorwitz@potteranderson.com
wdrane@potteranderson.com
*Attorneys for Intel Corporation and Intel
Kabushiki Kaisha*

Dated: October 23rd, 2009

Vincent J. Poppiti (#100614)
Special Master

**SO ORDERED** this 23 day of OCTOBER, 2009.

The Honorable Joseph J. Farnan, Jr.
United States District Judge

# EXHIBIT 28

# ROBBINS UMEDA LLP

BRIAN J. ROBBINS*
MARC M. UMEDA
FELIPE J. ARROYO
GEORGE C. AGUILAR
S. BENJAMIN ROZWOOD
KEVIN A. SEELY†
CRAIG W. SMITH
CAROLINE A. SCHNURER
STEPHEN J. ODDO

*Admitted in CA & CT
†Admitted in CA, CNMI & Guam

600 B STREET, SUITE 1900
SAN DIEGO, CALIFORNIA 92101
TELEPHONE (619) 525-3990
FACSIMILE (619) 525-3991
WWW.ROBBINSUMEDA.COM

KELLY M. MCINTYRE
SHANE P. SANDERS
REBECCA A. PETERSON
ASHLEY R. PALMER
ARSHAN AMIRI
JULIA M. WILLIAMS
GREGORY E. DEL GAIZO
ALEJANDRO E. MORENO
JAY N. RAZZOUK
GINA STASSI
CONRAD B. STEPHENS

June 14, 2010

<u>**VIA E-MAIL AND U.S. MAIL**</u>
jdickey@gibsondunn.com

Jonathan C. Dickey
GIBSON, DUNN & CRUTCHER LLP
200 Park Avenue
New York, NY 10166

      Re:    *In re Intel Corp. Derivative Litigation*

Dear Mr. Dickey:

Thank you for your letter of today's date. As you well know, Mr. Torpey, Mr. King, and Delaware plaintiffs' counsel have all had separate communications with us. Thus, it should not be surprising to you that we responded to each of them with separate letters.

However, it is somewhat troubling to us that you are purporting to respond on behalf of all of them. For example, with regard to Mr. Torpey, it is our understanding that he represents the audit committee, which was responsible for determining whether to sue the individuals that you primarily represent. With regard to Mr. King, he notified us of the proposed settlement because he acknowledges that our client is a shareholder ("[i]n light of your representation of Intel stockholder Christine Del Gaizo ..."). Ironically, neither you, nor Mr. Torpey, nor Mr. King ever demanded any further shareholder information from our client, particularly since you all have been trying to persuade our client to join in the proposed settlement. Now, after our client makes a reasonable request for documents, you claim to act on behalf of all other counsel in this matter and demand documentation beyond what we have already given you. Mr. King would never have sent us the June 8 letter and you all would have never attempted to persuade our client to join in the proposed settlement if any of you would had any reasonable basis to question her shareholder standing.

Nevertheless, attached is our client's applicable documentation confirming ownership, per your request. Also attached is a signed copy of the confidentiality agreement, as you initially requested, with a few minor changes.

Please let us when and where the documents will be available. Specifically, let us know approximately how many documents are available and in general the documents' format (ie: electronic, paper, bound, loosely filed, three-hole punched, stapled, various sizes, etc.). We

would also like to know during what hours the documents will be accessible so that we can coordinate with a copy service as needed.

Moreover, by your silence, are we to presume that the applicable insurance policies that have been requested are included or excluded from the documents made available to the Delaware plaintiffs' counsel? And regarding the EU Decision and exhibits, please cite to us what authority you have, if any, with regard to the production of unredacted documents being a violation of EU policy. Likewise, please tell us approximately when you communicated that concern to the Delaware plaintiffs' counsel. Also, is it your position that the exhibits referenced in the EU Decision (whether redacted or not) are also subject to this EU policy? Finally, we disagree with many of the comments discussed in your letter, and like you, we reserve all rights of our client in this regard. (For example, we do not believe that there is a need at this time to specifically respond to your "objector" comment, other than to note that we think our letters speak for themselves and that, as I believe is stated in all of our letters, our shareholder client is concerned about the proposed settlement and is considering appropriate action.)

We appreciate your attention to these matters. We look forward to hearing from you.

Very truly yours,

KEVIN A. SEELY

Enclosures
    Confidentiality Agreement
    Del Gaizo Brokerage Statement July 2009-May 2010 [Redacted]

cc:    Marc M. Umeda, Esq. (via e-mail)

498458

charles SCHWAB

Confidential of
CHRISTINE THERESE DEL GAIZO

Account Number

## Investment Detail - Equities (continued)

**Accounting Method**
Equities: First In First Out [FIFO]

| Equities (continued) | Quantity Units Purchased | Market Price Cost Per Share | Market Value Cost Basis | % of Account Assets Acquired | Unrealized Gain or (Loss) | Estimated Yield | Estimated Annual Income |
|---|---|---|---|---|---|---|---|
| Cost Basis | | | | | | | |
| Cost Basis | | | | | | | |
| INTEL CORP SYMBOL: INTC | 1,688.4003 | | | | | | |
| Cost Basis | | | | | | | |
| Cost Basis | | | | | | | |
| Cost Basis | | | | | | | |

Schwab has provided accurate gain and loss information wherever possible for most investments. Cost basis data may be incomplete or unavailable for some of your holdings. Please see "Endnotes for Your Account" section for an explanation of the endnote codes and symbols on this statement.

CITDM13-004409 848411

©2009 Charles Schwab & Co., Inc. All rights reserved. Member SIPC. (0004-16893) 8008.410) SITPS26-01RU1-01

charlesSCHWAB

Contributory IRA of
CHRISTINE THERESE DEL CAIZO

Account Number
Statement Period
August 1-31, 2009

Page 7 of 11

## Investment Detail - Equities (continued)

Accounting Method
Equities: First In First Out [FIFO]

| Equities (continued) | Quantity Units Purchased | Market Price Cost Per Share | Market Value Cost Basis | % of Account Assets Acquired | Unrealized Gain or (Loss) | Estimated Yield | Estimated Annual Income |
|---|---|---|---|---|---|---|---|
| Cost Basis | | | | | | | |
| INTEL CORP SYMBOL: INTC | 1,688.4083 | | | | | | |
| Cost Basis | | | | | | | |
| Cost Basis | | | | | | | |
| Cost Basis | | | | | | | |
| Cost Basis | | | | | | | |

Schwab has provided accurate gain and loss information wherever possible for most investments. Cost basis data may be incomplete or unavailable for some of your holdings.
Please see "Endnotes for Your Account" section for an explanation of the endnote codes and symbols on this statement.

CTBO4812100957  810148

© 2009 Charles Schwab & Co., Inc. All rights reserved. Member SIPC. ROO4-12982. 0100-2400. S1P05CS41F-01

charlesSCHWAB

Contributory IRA of
CHRISTINE THERESE DEL GAIZO

## Investment Detail - Equities (continued)

Accounting Method
Equities: First In First Out [FIFO]

| Equities (continued) | Quantity Units Purchased | Market Price Cost Per Share | Market Value Cost Basis | % of Account Assets Acquired | Unrealized Gain or (Loss) | Estimated Yield | Estimated Annual Income |
|---|---|---|---|---|---|---|---|
| Cost Basis | | | | | | | |
| INTEL CORP SYMBOL: INTC | 1,688.4083 | | | | | | |
| Cost Basis | | | | | | | |
| Cost Basis | | | | | | | |
| Cost Basis | | | | | | | |
| Cost Basis | | | | | | | |

Schwab has provided accurate gain and loss information wherever possible for most investments. Cost basis data may be incomplete or unavailable for some of your holdings. Please see "Endnotes for Your Account" section for an explanation of the endnote codes and symbols on this statement.

CTPO-ME13-00DE18 823997

© 2009 Charles Schwab & Co., Inc. All rights reserved. Member SIPC. (0709-11730) (2010-2410) CT29932 (12/10)

## Investment Detail - Equities (continued)

**Accounting Method**
Equities: First In First Out (FIFO)

| Equities (continued) | Quantity Units Purchased | Market Price Cost Per Share | Market Value Cost Basis | % of Account Assets Acquired | Unrealized Gain or (Loss) | Estimated Yield | Estimated Annual Income |
|---|---|---|---|---|---|---|---|
| Cost Basis | | | | | | | |
| INTEL CORP SYMBOL: INTC | 1,668.4083 | | | | | | |
| Cost Basis | | | | | | | |
| Cost Basis | | | | | | | |
| Cost Basis | | | | | | | |
| Cost Basis | | | | | | | |

Schwab has provided accurate gain and loss information wherever possible for most investments. Cost basis data may be incomplete or unavailable for some of your holdings.
Please see "Endnotes for Your Account" section for an explanation of the endnote codes and symbols on this statement.

©2009 Charles Schwab & Co., Inc. All rights reserved. Member SIPC. (0005-12331, 2009 240) S1F2S2RHN1-01

charles SCHWAB

Collection Rep of
CHRISTINE THERESE DELGADO

Statement Period
November 130, 2008

Page 7 of 11

## Investment Detail - Equities (continued)

Accounting Method
Equities: First In First Out (FIFO)

| Equities (continued) | Quantity Units Purchased | Market Price Cost Per Share | Market Value Cost Basis | % of Account Assets Acquired | Unrealized Gain or (Loss) | Estimated Yield | Estimated Annual Income |
|---|---|---|---|---|---|---|---|
| | | | | | | | |
| Cost Basis | | | | | | | |
| | | | | | | | |
| Cost Basis | | | | | | | |
| INTEL CORP SYMBOL: INTC | 1,688.4063 | | | | | | |
| Cost Basis | | | | | | | |
| | | | | | | | |
| Cost Basis | | | | | | | |
| | | | | | | | |
| Cost Basis | | | | | | | |

Schwab has provided accurate gain and loss information wherever possible for most investments. Cost basis data may be incomplete or unavailable for some of your holdings.
Please see "Endnotes for Your Account" section for an explanation of the endnote codes and symbols on this statement.

© 2008 Charles Schwab & Co., Inc. All rights reserved. Member SIPC. CS09-14085; 2009-2103-3 IFS268431-01

charles SCHWAB

Contribuly by to
CHRISTINE THERESE DEL CAMPO

## Investment Detail - Equities (continued)

**Accounting Method**
Equities: First In First Out (FIFO)

| Equities (continued) | Quantity Units Purchased | Market Price Cost Per Share | Market Value Cost Basis | % of Account Assets Acquired | Unrealized Gain or (Loss) | Estimated Yield | Estimated Annual Income |
|---|---|---|---|---|---|---|---|
| Cost Basis | | | | | | | |
| Cost Basis | | | | | | | |
| INTEL CORP SYMBOL: INTC | 1,668.4083 | | | | | | |
| Cost Basis | | | | | | | |
| Cost Basis | | | | | | | |
| Cost Basis | | | | | | | |

Schwab has provided accurate gain and loss information whenever possible for most investments. Cost basis data may be incomplete or unavailable for some of your holdings.
Please see "Endnotes for Your Account" section for an explanation of the endnote codes and symbols on this statement.

CTCON81-00182  76065

© 2009 Charles Schwab & Co., Inc. All rights reserved. Member SIPC. (0804-12853, 2002-210) SIT2208HY1-01

charles SCHWAB

Certified copy of
CHRISTINE THERESE DEL GAIZO

## Investment Detail - Equities (continued)

| Equities (continued) | Quantity Units Purchased | Market Price Cost Per Share | Market Value Cost Basis | % of Account Assets Acquired | Unrealized Gain or (Loss) | Estimated Yield | Estimated Annual Income |
|---|---|---|---|---|---|---|---|
| INTEL CORP SYMBOL: INTC | 1,688.4063 | | | | | | |
| Cost Basis | | | | | | | |
| Cost Basis | | | | | | | |
| Cost Basis | | | | | | | |
| Cost Basis | | | | | | | |
| Cost Basis | | | | | | | |

Schwab has provided accurate gain and loss information wherever possible for most investments. Cost basis data may be incomplete or unavailable for some of your holdings.
Please see "Endnotes for Your Account" section for an explanation of the endnote codes and symbols on this statement.
CTI01809-093730 618985
©2009 Charles Schwab & Co., Inc. All rights reserved. Member SIPC. [0001-5902, 0105-2109 STF2806470.01]

Prepared for
CHRISTINE THERESE DEL GARZO

## Investment Detail - Equities (continued)

Accounting Method
Equities: First In First Out [FIFO]

| Equities (continued) | Quantity Units Purchased | Market Price Cost Per Share | Market Value Cost Basis | % of Account Assets Acquired | Unrealized Gain or (Loss) | Estimated Yield | Estimated Amount Income |
|---|---|---|---|---|---|---|---|
| INTEL CORP SYMBOL: INTC | 1,668.4083 | | | | | | |
| Cost Basis | | | | | | | |
| Cost Basis | | | | | | | |
| Cost Basis | | | | | | | |
| Cost Basis | | | | | | | |
| Cost Basis | | | | | | | |

Schwab has provided accurate gain and loss information wherever possible for most investments. Cost basis data may be incomplete or unavailable for some of your holdings.
Please see "Endnotes for Your Account" section for an explanation of the endnote codes and symbols on this statement.

©2009 Charles Schwab & Co., Inc. All rights reserved. Member SIPC.

Confidential in care of
CHRISTINE THERESE DEL GAIZO

charles SCHWAB

## Investment Detail - Equities (continued)

Accounting Method
Equities: First In First Out [FIFO]

| Equities (continued) | Quantity Units Purchased | Market Price Cost Per Share | Market Value Cost Basis | % of Account Assets Acquired | Unrealized Gain or (Loss) | Estimated Yield | Estimated Annual Income |
|---|---|---|---|---|---|---|---|
| | | | | | | | |
| *Cost Basis* | | | | | | | |
| | | | | | | | |
| *Cost Basis* | | | | | | | |
| INTEL CORP SYMBOL: INTC | 1,688.4083 | | | | | | |
| *Cost Basis* | | | | | | | |
| | | | | | | | |
| *Cost Basis* | | | | | | | |

Schwab has provided accurate gain and loss information wherever possible for most investments. Cost basis data may be incomplete or unavailable for some of your holdings.
Please see "Endnotes for Your Account" section for an explanation of the endnote codes and symbols on this statement.
CTI20-0827-007894  S12578

© 2003 Charles Schwab & Co., Inc. All rights reserved. Member SIPC. (0910-12593) 2022-2019 S1FP5236921-01

Beneficiary IRA of
CHRISTINE THERESE DEL GAIZO

Account Number

Statement Period
April 1-30, 2010

## Investment Detail - Equities (continued)

Accounting Method
Equities: First In First Out [FIFO]

| Equities (continued) | Quantity Units Purchased | Market Price Cost Per Share | Market Value Cost Basis | % of Account Assets Acquired | Unrealized Gain or (Loss) | Estimated Yield | Estimated Annual Income |
|---|---|---|---|---|---|---|---|
| *Cost Basis* | | | | | | | |
| *Cost Basis* | | | | | | | |
| *Cost Basis* | | | | | | | |
| *Cost Basis* | | | | | | | |
| INTEL CORP SYMBOL: INTC | 1,688.4083 | | | | | | |
| *Cost Basis* | | | | | | | |

Schwab has provided accurate gain and loss information wherever possible for most investments. Cost basis data may be incomplete or unavailable for some of your holdings. Please see "Endnotes for Your Account" section for an explanation of the endnote codes and symbols used on this statement.

Charles Schwab

Statement Period
May 1-31, 2010

## Investment Detail - Equities (continued)

**Accounting Method**
Equities: First In First Out [FIFO]

| Equities (continued) | Quantity Units Purchased | Market Price Cost Per Share | Market Value Cost Basis | % of Account Assets Acquired | Unrealized Gain or (Loss) | Estimated Yield | Estimated Annual Income |
|---|---|---|---|---|---|---|---|
| *Cost Basis* | | | | | | | |
| *Cost Basis* | | | | | | | |
| INTEL CORP SYMBOL: INTC | 1,686.4083 | | | | | | |
| *Cost Basis* | | | | | | | |
| *Cost Basis* | | | | | | | |

Schwab has provided accurate gain and loss information wherever possible for most investments. Cost basis data may be incomplete or unavailable for some of your holdings.
Please see "Endnotes for Your Account" section for an explanation of the endnote codes and symbols on this statement.

© 2009 Charles Schwab & Co., Inc. All rights reserved. Member SIPC.

EXHIBIT 29

**FILED SEPARATELY UNDER SEAL**

# EXHIBIT 30

# ROBBINS UMEDA LLP

BRIAN J. ROBBINS*
MARC M. UMEDA
FELIPE J. ARROYO
GEORGE C. AGUILAR
S. BENJAMIN ROZWOOD
KEVIN A. SEELY†
CRAIG W. SMITH
CAROLINE A. SCHNURER

600 B STREET, SUITE 1900
SAN DIEGO, CALIFORNIA 92101
TELEPHONE (619) 525-3990
FACSIMILE (619) 525-3991
WWW.ROBBINSUMEDA.COM

KELLY M. MCINTYRE
SHANE P. SANDERS
REBECCA A. PETERSON
ASHLEY R. PALMER
ARSHAN AMIRI
JULIA M. WILLIAMS
GREGORY E. DEL GAIZO
ALEJANDRO E. MORENO
JAY N. RAZZOUK
CONRAD B. STEPHENS

*Admitted in CA & CT
†Admitted in CA, CNMI & Guam

May 28, 2010

**VIA CERTIFIED U.S. MAIL & VIA E-MAIL**
JDickey@gibsondunn.com

The Board of Directors
Intel Corporation
c/o Jonathan C. Dickey
GIBSON, DUNN & CRUTCHER LLP
200 Park Avenue
New York, NY 10166

     **Re:**    *Second Inspection Demand to Intel Corporation Pursuant to California Corporations Code §1601*

Dear Board of Directors and Mr. Dickey:

## Introduction

As you know, we represent Dr. Del Gaizo, the owner of outstanding voting shares of Intel Corporation ("Intel" or the "Company") common stock. You no doubt recall that our client made an inspection demand on Intel, pursuant to California Corporations Code §§1601, *et seq.*, back on March 18, 2008. Although the delay in responding to our client's March 2008 inspection demand was significant, Intel did eventually produce some documents (pursuant to our client's inspection demand) on or about September 3, 2008 and January 13, 2009. Those documents were produced pursuant to a confidentiality and non-disclosure agreement dated on or about August 28, 2008. Given this history (and the confidentiality agreement already in place) we hope and trust that Intel will not delay in responding to this second inspection demand, of which time is of the essence.

## Proper Purpose of this Inspection Demand

The purpose of this current inspection demand is to obtain prompt access to all books, records, and minutes of proceedings of the Intel Board of Directors (the "Board") and Audit Committee concerning their investigation, analysis, and response to our client's July 8, 2009 litigation demand, including the most recent decision by the Board to settle the very claims that our client was told were being preserved by deferring litigation against the culpable parties while other proceedings developed. Needless to say, the Board's decision to settle is troubling and wholly inconsistent with the representations that have been made to our client with regard to her pending litigation demand. Our client, a shareholder of Intel, deserves an explanation.

## The Litigation Demand

As you all well know, our client's above-mentioned July 2009 litigation demand discussed the multiple investigations and unparalleled fines that Intel has suffered as a result of its anti-competitive behavior. Dr. Del Gaizo demanded, *inter alia*, the following:

> [T]hat the Board take steps to investigate, address, and remedy the harm inflicted upon Intel as a result of the patent misconduct described herein. In particular, our client demands that the Board commence an investigation of the Company's current and former officers and directors' roles in the violation(s) of anticompetitive laws in the countries where Intel does business. Our client also demands that the Board make disclosures upon completion of its investigation to clarify the Board's findings and corroborate the Board's conclusions. Our client further demands that the Company commence legal proceedings against any individual who it finds breached their fiduciary duties and/or violated or caused the Company to violate antitrust laws or any other state or federal law. The legal proceeding(s) brought by the Board against any such individual(s) should seek to recover damages from, and compensation, benefits, and bonuses paid to, any Intel officer and/or director determined to be involved in the wrongdoing.

## Deferral of the Litigation Demand

On November 30, 2009, Mr. Torpey responded and said, among other things, that "the Board has decided to defer any determination regarding Dr. Del Gaizo's demand." The Board made the same decision with respect to the other demands sent by Intel shareholders, including the first-filed plaintiff in the related Delaware federal shareholder derivative action. One of the reasons for the deferral was to obtain the "benefit from additional administrative and judicial proceedings." However, there does not appear to have been any developments since Mr. Torpey's letter that would suggest that all potentially culpable parties should be released from any liability associated with the damages in this case, which are, as you are well aware, approximately $2.7 billion.

## Unexplained Release of the Allegedly Deferred Claims

We have recently become aware that the Board has agreed to a settlement with the plaintiffs in the Delaware shareholder derivative litigation which we understand will release all of the individual defendants and potential wrongdoers from liability to the Company in exchange for some credit for past corporate governance reforms and the payment of attorneys' fees. This decision by the Board is a complete change of direction of the representation that was made to our client that there would be a deferral of our client's litigation demand. Under the circumstances here, a resolution of the claims that our client long ago formally demanded be instituted does not appear to be in the Company's best interests. Thus, we now write on behalf of our client to demand an immediate inspection of books and records concerning the Company's response to Dr. Del Gaizo's shareholder litigation demand.

**Reiteration of Inspection Demand Issues**

As you already know from our past exchange with you regarding inspection demand issues, as an Intel shareholder, Dr. Del Gaizo is entitled to inspect Intel's books, records, and minutes of proceedings of the Board and Audit Committee pursuant to California Corporations Code §1601, which provides:

> The accounting books and records and minutes of proceedings of ... the board and committees of the board of ... any foreign corporation keeping any such records in this state or having its principal executive office in this state, shall be open to inspection upon the written demand on the corporation of any shareholder ... at any reasonable time during usual business hours, for a purpose reasonably related to such holder's interests as a shareholder ....

As a shareholder of Intel, Dr. Del Gaizo has an interest in ensuring that her litigation demand was properly responded to and that the issues, claims, and remedies she sought to prompt the Board to investigate and litigate were reasonably, impartially, and thoroughly examined, investigated, evaluated, and remedied, to the fullest extent required under Delaware law. In the interest of informing, ensuring, and advancing Dr. Del Gaizo's compelling and proper purpose identified above, she hereby demands that the Company immediately open to inspection the books, records, and minutes of proceedings of the Board and Audit Committee comprised by the following inspection demands.

**Documents Demanded**

Dr. Del Gaizo's inspection demands must be construed as liberally and with as much latitude as is afforded under California law. The "books," "records," and "minutes" identified below must comprise the full range and scope of the "writings" defined under California Evidence Code §250. All references below to the "Board" mean the Board of Intel and references to the "Audit Committee" mean the committee(s) of the Board that played any role in investigating and/or responding to the litigation demand. The terms "Board" and "Audit Committee" shall also include any persons acting on their behalf or in their stead, such as attorneys, accounting experts, investigators, agents, or other similar proxies. The books, records, and minutes of proceedings Dr. Del Gaizo demands to inspect are as follows:

All books, records, and minutes of proceedings of the Board and Audit Committee concerning their investigation, analysis, and response to Dr. Del Gaizo's litigation demand, including the decision to settle the claims she demanded be instituted. Such books, records, and minutes shall include, but not be limited to, the following:

      1.    All books, records, and minutes of proceedings of the Board and Audit Committee constituting, evidencing or reflecting all investigative efforts undertaken by the Board or Audit Committee in connection with the Company's analysis of Dr. Del Gaizo's litigation demand.

      2.    All books, records, and minutes of proceedings of the Board and Audit Committee constituting, evidencing, or reflecting all documents, written reports and other writings (as "writings" is defined in California Evidence Code §250) sought, reviewed,

disregarded, created, written, edited, or considered by the Board or Audit Committee in connection with the Company's consideration of Dr. Del Gaizo's litigation demand.

3.    All books, records, and minutes of proceedings of the Board and Audit Committee constituting, evidencing, or reflecting all efforts undertaken by the Board or Audit Committee to investigate, evaluate, or otherwise consider any and all claims available to, damages sustained by, or remedies available to Intel in connection with the Company's consideration of Dr. Del Gaizo's litigation demand.

4.    All books, records, and minutes of proceedings of the Board and Audit Committee constituting, evidencing, or reflecting any and all prior internal or government investigations evaluated, reviewed, considered, or relied upon by the Board or Audit Committee in connection with the Company's consideration of Dr. Del Gaizo's litigation demand.

## Conclusion

In light of the fact that these documents should be readily available, and that a confidentiality agreement is already in place, please produce the documents demanded (or make them available for copying and inspection) at your earliest possible convenience, no later than Friday, June 4, 2010. If you need more time, please let us know. We look forward to hearing from you promptly.

Very truly yours,

KEVIN A. SEELY

cc:    Michael Torpey, Esq. (via e-mail)
        Marc M. Umeda, Esq.

493363

# EXHIBIT 31

# ROBBINS UMEDA LLP

BRIAN J. ROBBINS*
MARC M. UMEDA
FELIPE J. ARROYO
GEORGE C. AGUILAR
S. BENJAMIN ROZWOOD
KEVIN A. SEELY†
CRAIG W. SMITH
CAROLINE A. SCHNURER
STEPHEN J. ODDO

600 B STREET, SUITE 1900
SAN DIEGO, CALIFORNIA 92101
TELEPHONE (619) 525-3990
FACSIMILE (619) 525-3991
WWW.ROBBINSUMEDA.COM

KELLY M. MCINTYRE
SHANE P. SANDERS
REBECCA A. PETERSON
ASHLEY R. PALMER
ARSHAN AMIRI
JULIA M. WILLIAMS
GREGORY E. DEL GAIZO
ALEJANDRO E. MORENO
JAY N. RAZZOUK
GINA STASSI
CONRAD B. STEPHENS

*Admitted in CA & CT
†Admitted in CA, CNMI & Guam

June 29, 1010

**VIA E-MAIL AND U.S. MAIL**
JDickey@gibsondunn.com

Jonathan C. Dickey
GIBSON, DUNN & CRUTCHER LLP
200 Park Avenue
New York, NY 10166

Re: *In re Intel Corporation Derivative Litigation*

Dear Mr. Dickey:

Thank you for your letter of June 28, 2010. Our initial response to your letter is below.

With regard to your suggestion that there is an "absence of any pleaded facts that would give rise to a proper claim under" the D&O insurance in question, we strongly disagree. We understand that the policy covers conduct that is not indemnified by the Company. However, certainly the breaches of fiduciary duty of loyalty, for example, which are alleged in this matter, and include acts that would not be indemnified by the Company, are covered by the policy definition of "wrongful acts." Moreover, this is not just a breach of fiduciary duty of oversight; there are allegations of bad faith and wrongful direct involvement by certain individual defendants. We do not think that your interpretation of the policy language is consistent with the facts of this case or the best interests of the Company. It is doubtful the Company would agree with you that D&O insurance is "irrelevant to the fairness of the proposed settlement." To the contrary, the facts and allegations in this case are so severe, and the harm to the Company so great, that the insurance policy is certainly relevant to this case and the proposed settlement.

With regard to the third-party deposition transcripts, we are willing to work with you and any other appropriate persons to execute the necessary paperwork that would allow us access to the critical third-party deposition transcripts. We find your constant demands, as to whether or not we have finished our review of the deposition transcripts held in your Palo Alto office, to be insincere and irrelevant to the third-party depositions issue. Have you ever reviewed 17,000 pages of deposition transcripts under the restrictions that you have placed on us and, then, determined that you were "done" with the transcripts in a matter of days or even weeks? As I have stated before, I believe you told me earlier that those documents would be made available to us for as long as we needed them. Thus, I would like you to continue to make them available to us in the event we need to fly to Palo Alto in the near future (this week) to review them once

again. Nevertheless, that does not mean that we have not made substantial progress in reviewing those documents. Moreover, just because we are not ready to release whatever right we might have to review those documents, that does not mean that we are not aware of the fast approaching July 6 deadline in this case. As I have stated to you before, it is a matter of priorities. We have spent a significant amount of time and money to review the documents you held for us in Palo Alto. All of those depositions are of Intel directors, officers, and employees. None are from third-party witnesses. The third-party witnesses were obviously compelling in the EC's determination to fine Intel $1.45 billion. Likewise, the third-party deposition transcripts we have requested access to were no doubt equally compelling to Intel's decision makers, in reaching their determination to pay AMD $1.25 billion. We think the third-party depositions would also be compelling for purposes of reasonably, fairly, and adequately resolving the derivative claims.

With regard to the names of Intel executives and senior executives that have been redacted from the EC Decision, we see nothing in the letters that you provided us on this issue that would offend the EC. Merely disclosing the names of the Intel personnel referenced in the EC Decision would do nothing to violate any EC redaction policies. Nevertheless, we would once again be more than happy to work with you and any other appropriate person or entity to obtain whatever protection you deem is appropriate, so that we may share in this very limited disclosure.

Finally, for all the reasons discussed herein, perhaps now you see why a reasonable delay of the settlement approval hearing is appropriate in this case. We request more time to review the 17,000 pages offered to us in Palo Alto; we request more time to work with you to obtain reasonable access to the third party deposition transcripts, as well as to obtain the names of the Intel executives and senior executives that are discussed in the EC Decision. And we request reasonable access to the insurance policies or coverage letters regarding any potentially applicable insurance policies.

Thank you for your attention to these matters. Please let us know if you would like to discuss any or all of these matters any further.

Very truly yours,

KEVIN A. SEELY

cc: Marc M. Umeda, Esq. (via e-mail)