# EXHIBIT 32

**From:** Kevin A. Seely [mailto:KSeely@robbinsumeda.com]
**Sent:** Tuesday, June 29, 2010 12:20 PM
**To:** Classattorney@aol.com
**Cc:** jblock@bermandevalerio.com; rljacobs@pipeline.com; bwood@bermandevalerio.com; Marc M. Umeda
**Subject:** RE: INTEL DERIVATIVE

Dear Laurence,

Thanks for your support. Getting reasonable access to the relevant documents in this case has been difficult.

We understand that it may be difficult to obtain access to the unredacted EC Decision, but with time, we do not think it would be impossible. After all, we are all acting on behalf of Intel, we are not suing Intel, and if the Intel attorneys can get access to that material, we should be able to get access to that material as well, as long as we are willing to execute the appropriate confidentiality agreement or other reasonable measures. Moreover, we would like to know the names of the Intel executives and senior executives referenced in the EC Decision. This neither seems to be inconsistent with EC policies, nor should it, since it would not divulge anything other than the names of potentially culpable individuals.

We would also want access to the third-party depositions that were taken in the Intel Antitrust Litigation. As you know, those third-party depositions (or, more precisely, the subject matter likely contained therein) were compelling for the EC's Decision to fine Intel $1.45 billion. Moreover, those transcripts were undoubtedly also compelling in Intel's determination to pay AMD $1.25 billion. We think entering into whatever confidentiality agreements are necessary to obtain access to those documents is important as well.

Also, we would like to see all of the potentially applicable insurance policies, the tender letters to the carriers, and the coverage letters in response from the carriers. It seems to us that the damages to Intel are too great in this case to overlook at least some involvement by the insurance carriers. To gain access to such pertinent information might also take some time.

Let us know if you would be willing to work with us to postpone the settlement hearing, so that the above, and perhaps other, critical information can be obtained and analyzed prior to the approval of the proposed settlement in this case. Thank you for your consideration of these issues. We look forward to hearing from you.

Kevin A. Seely, Esq.
Robbins Umeda LLP

---

**From:** Classattorney@aol.com [mailto:Classattorney@aol.com]
**Sent:** Tuesday, June 15, 2010 12:10 PM
**To:** Kevin A. Seely
**Cc:** jblock@bermandevalerio.com; rljacobs@pipeline.com; bwood@bermandevalerio.com
**Subject:** INTEL DERIVATIVE

Dear Kevin:

I was concerned about your e-mail of yesterday evening, but I am now informed that confidentiality documents have been signed, and access to materials are being provided to your firm.

If any other issues of this nature arise, please let us know as soon as possible.

Laurence D. Paskowitz, Esq.
Paskowitz Law Firm, P.C.
60 East 42nd Street--46th Floor
New York, NY 10165
(212) 685-0969 (tel.)
(212) 685-2306 (fax)
(718) 344-6470 (cell)
(800) 705-9529 (toll free)

classattorney@aol.com or lpaskowitz@pasklaw.com

CONFIDENTIALITY NOTICE: The information contained in this electronic message (e-mail) is ATTORNEY PRIVILEGED AND/OR CONFIDENTIAL and intended only for the use of the individual or entity named above. If the reader of this message is not the intended recipient, you are hereby notified that any dissemination, copy, or distribution of this communication is strictly prohibited. Paskowitz & Associates will accept no responsibility or liability in respect to this email other than to the addressee. If you have received this communication in error, please immediately delete all originals, copies and attachments from your system. Destroy any hard copies of it and please notify the sender immediately by telephone or by return e-mail. Thank you.