# ROBBINS UMEDA LLP

BRIAN J. ROBBINS*
MARC M. UMEDA
FELIPE J. ARROYO
GEORGE C. AGUILAR
S. BENJAMIN ROZWOOD
KEVIN A. SEELY†
CRAIG W. SMITH
CAROLINE A. SCHNURER
STEPHEN J. ODDO

600 B STREET, SUITE 1900
SAN DIEGO, CALIFORNIA 92101
TELEPHONE (619) 525-3990
FACSIMILE (619) 525-3991
WWW.ROBBINSUMEDA.COM

KELLY M. MCINTYRE
SHANE P. SANDERS
REBECCA A. PETERSON
ASHLEY R. PALMER
ARSHAN AMIRI
JULIA M. WILLIAMS
GREGORY E. DEL GAIZO
ALEJANDRO E. MORENO
JAY N. RAZZOUK
GINA STASSI
CONRAD B. STEPHENS

*Admitted in CA & CT
†Admitted in CA, CNMI & Guam

July 14, 1010

**VIA OVERNIGHT DELIVERY**

The Honorable Judge Joseph J. Farnan, Jr.
U.S. District Court for the
District of Delaware
844 N. King Street
Wilmington, DE 19801

    Re:    *In re Intel Corp. Derivative Litigation*, Case No. 09-cv-867 (JJF)

Dear Judge Farnan:

    I represent Christine Del Gaizo, a shareholder of Intel Corporation ("Intel" or the "Company"). On July 6, 2010, Ms. Del Gaizo filed an objection to the proposed settlement of the above-captioned action currently pending in this Court ("Objections").[1] I write to respectfully request that the Court exercise its discretion as afforded by the District of Delaware Local Rule ("LR") 83.5 to waive the requirement of LR 83.5(d) that I associate with local counsel and to admit me *pro hac vice* to the Bar of this Court for the limited purpose of appearing on Ms. Del Gaizo's behalf at the July 20, 2010 settlement hearing in the above-captioned action ("Settlement Hearing").

    After filing Ms. Del Gaizo's Objections, my firm made reasonable efforts to associate with local counsel in accordance with LR 83.5(d) and (e), but was unsuccessful.[2] Because the Settlement Hearing is rapidly approaching and time is of the essence, I respectfully request that the Court waive the requirement that I associate with local counsel and grant this letter application for *pro hac vice* admission.

---

[1] The formal title of the objection was "Shareholder Christine Del Gaizo's Objections to the Proposed Settlement of Derivative Action," Docket No. 61. Other related documents were filed simultaneously therewith.

[2] LR 83.5(e) requires a party's counsel to associate with a member of the Bar of this Court within 30 days after "[t]he filing of the first paper filed on its behalf." The first paper filed on behalf of Ms. Del Gaizo was her Objections on July 6, 2010. Under LR 83.5(e), it appears that I am not required to associate with a member of this Bar until August 5, 2010. However, the hearing in this matter is on July 20, 2010, and, thus, out of an abundance of caution I submit this request.

In support of this request, I enclose the Declaration of Kevin A. Seely In Support of Request For Limited *Pro Hac Vice* Admission to the Bar of This Court ("Seely Decl."). I am admitted, practicing, and in good standing as a member of the Bar of the State of California. Seely Decl., ¶2.

Should this Court exercise its discretion to grant my request to be admitted *pro hac vice* to the Bar of this Court for the limited purpose described herein, I have enclosed a check in the amount of $25.00, for the annual fee for *pro hac vice* admission. Thank you in advance for your consideration.

Respectfully submitted,

KEVIN A. SEELY

Enclosures