IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| IN RE INTEL CORP. DERIVATIVE LITIGATION | C.A. No. 1:09-cv-867-JJF |

**DECLARATION OF JOSEPH H. WEISS IN SUPPORT OF THE RELATED PLAINTIFFS' APPLICATION FOR FINAL APPROVAL OF THE SETTLEMENT AND FOR AN AWARD OF ATTORNEYS' FEES AND REIMBURSEMENT OF EXPENSES**

I, JOSEPH H. WEISS, declare as follows:

1. I am a partner with the law firm of Weiss & Lurie and am an attorney duly licensed by the State of New York. Together with the law firms of Stull, Stull & Brody and Rigrodsky & Long, P.A., my firm represents The Rosenfeld Family Foundation and Martin Smilow (the "Related Plaintiffs"), who are parties to the Stipulation settling this derivative litigation. I had a material and active role in proposing, negotiating and securing for Intel Corporation ("Intel") the substantial corporate governance policies and antitrust compliance measures and benefits conferred by the derivative litigation settlement. If called as a witness, I would be competent to testify to the matters set forth herein.

2. I submit this declaration, upon personal knowledge, in support of the motion of the Related Plaintiffs for final approval of: (a) the Settlement of this litigation, and (b) the application of Related Plaintiffs' Counsel for an award of attorneys' fees and reimbursement of expenses consistent with the Settlement Agreement.

3. Based on my years of experience in litigating complex shareholder derivative litigation, I believe that the proposed Settlement is a fair, reasonable and adequate resolution of the claims being settled, given the valuable and lasting benefits obtained for Intel and its shareholders, especially in light of the potential risks, delay and expense of continuing litigation which has been going on since 2008. Based on my personal involvement in these matters, there can be no question that this litigation and the related litigation have been vigorously fought throughout this two and a half year period and, as reflected by the terms of the Settlement Agreement, resulted in substantial and extensive corporate governance enhancements and antitrust compliance changes for the benefit of Intel and its shareholders.

4. My firm and my co-counsel have extensive experience in complex litigation in general and securities class action and derivative litigation in particular, underscoring that the negotiated Settlement was based on an informed and realistic consideration of the facts, the law, and the potential benefits and risks incident to proceeding with the litigation. A copy of my firm's resume is attached hereto as Exhibit A. Copies of my co-counsels' resumes are attached to their respective affidavits submitted herewith.

5. During the course of the litigation, and in particular during the course of settlement negotiations, Related Plaintiffs' Counsel had the benefit of the input and advice of a noted corporate governance and legal consultant concerning the nature and details of the settlement terms being negotiated. This consultant provided us with ongoing advice, and, in crafting and proposing certain additional changes to the terms of the Settlement. In addition to the experts retained by Delaware counsel, my consultant provided strong support in concluding that the Settlement is fair and reasonable.

6. The settlement discussions between Intel's counsel and me commenced in May, 2010, approximately two years after my firm filed the first derivative complaint against the defendants, *In re Intel Corp. Derivative Litig.*, Civ. A. No. 08-93-JJF, and during the pendency of the Related Plaintiffs' Action in the Delaware Chancery Court to require inspection of books and records demanded pursuant to Delaware General Corporation Law § 220, *The Rosenfeld Family Foundation, et ano. v. Intel Corporation*, Civil Action No. 5070-VCS. The Chancery Court books and records litigation was voluntarily dismissed as part of the Settlement.

7. The numerous settlement discussions in which I engaged were extensive and intensive. The corporate governance and antitrust measures demanded by me were meaningful and far reaching and are reflected in the terms of the Settlement Agreement. It is my professional opinion that these measures are of significant value to Intel and its shareholders and constitute a more than fair and adequate resolution to this litigation.

8. At no time during the settlement discussions or prior to agreement to the final settlement terms was there any discussion of the amount of attorneys' fees which would be paid to my firm or my co-counsel. It was only after the settlement terms were fully agreed to that we had discussions concerning fees. As a result of these negotiations, Intel agreed that our firm could apply to the Court for a fee and expense award aggregating up to $850,000.

9. The litigations were prosecuted by my firm and co-counsel on a wholly contingent basis, with the very real possibility that we would not receive any payment for our time and services and no reimbursement for our out-of-pocket expenses. My firm spent a total of 1,047.25 hours on this litigation. The total lodestar amount for my firm's attorney and paralegal time based on our current rates is $622,965. The hourly rates are the usual and customary rates charged in all of our cases. Attached hereto as Exhibit B is a chart reflecting the hours expended by each

professional, their current hourly rates and their individual lodestar total.

10. As set forth in the accompanying affidavits of Stull, Stull & Brody and Rigrodsky & Long, the total amount of time spent by their firms on this litigation was 94.25 hours and 188.75 hours respectively. Accordingly, the total number of hours spent by our three firms on the litigation was 1,330.25 hours. This represents a total lodestar of $791,515.

11. In addition, my firm necessarily incurred a total of $99,006.53 in unreimbursed expenses in connection with the prosecution and settlement of this litigation. Attached hereto as Exhibit C is a chart reflecting the breakdown of these expenses. The total expenses for the three firms representing the Related Plaintiffs is $102,801.55.

12. Accordingly, it is respectfully submitted that our application for an award of $850,000 in of attorneys' fees and expenses is fair and reasonable based upon the benefit conferred upon Intel and its shareholders, as confirmed by the lodestar and expenses of Related Plaintiffs' Counsel.

13. The settlement of this litigation was arrived at after substantial investigation, research, motion practice, consultation with a highly skilled, prominent governance consultant retained by Related Plaintiffs' Counsel and vigorous arm's length bargaining. It was not finalized until after our review of thousands of pages of discovery and deposition transcripts from the underlying antitrust litigation. Based on an understanding of the facts and circumstances concerning the subject matter of the litigation, the principles of law applicable to them, and the relative risks of litigation in general, Related Plaintiffs' Counsel believe that this settlement represents an extremely favorable result for Intel and its shareholders and should be approved by the Court. Similarly, Related Plaintiffs' Counsel respectfully request that their application for an award of attorneys' fees and reimbursement of expenses in the amount of $850,000 be granted.

I declare under penalty of perjury that the foregoing is true and correct. Executed this 15th day of July, 2010, at New York, New York.

                                                                                           /s/ Joseph H. Weiss
                                                                                           JOSEPH H. WEISS