IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

------------------------------------------------x
IN RE INTEL CORP. DERIVATIVE     C.A. No. 1:09-cv-867-JJF
LITIGATION
------------------------------------------------x

**DECLARATION OF LAURENCE D. PASKOWITZ IN RESPONSE TO OBJECTIONS**

LAURENCE D. PASKOWITZ, under pain and penalty of perjury under the laws of the United States, hereby declares and says:

1. I am the principal attorney of Paskowitz & Associates (the "Paskowitz Firm") which, along with Berman DeValerio, was appointed by this Court to serve as Co-Lead Counsel in these consolidated derivative actions. I am over the age of twenty-one, and if called upon in Court to testify as to the matters set forth herein, I could and would do so.

2. This Declaration is respectfully submitted in response to the objection filed on July 6, 2010 by Robbins Umeda LLP (the "Robbins Firm") on behalf of its client, Intel shareholder Christie Del Gaizo ("Del Gaizo").

3. In the objection, the Robbins Firm raises issues as to non-monetary settlements, and settlements where some or all of the therapeutic relief requested was put in place prior to a settlement hearing.

4. In recent years, many settlements constructed exactly in this manner have been proposed by the Robbins Firm, and have secured court approval, including the following cases described below:

(a) In *Brinckherhoff v. Tex. E. Prods. Pipeline Co., LLC*, 986 A.2d 370 (Del. Ch. 2010), the Robbins Firm filed a class action concerning an allegedly unfair corporate transaction, objected when the related case settled without their participation, and then settled their objection by agreeing that the defendant corporation would issue a two-page supplemental disclosure. *Id.*

1

at 396-97. That disclosure was a non-monetary benefit and was effectuated in October 2009, well before the Court's January 2010 decision on settlement approval. *Id.* at 397. For these efforts, the Robbins Firm requested a fee, based upon a claimed lodestar of over $1 million. The Court awarded a much smaller sum, assessing the Robbins Firm's affidavit as "facially implausible." A true and correct copy of the decision in *Brinckherhoff v. Tex. E. Prods. Pipeline Co., LLC,* 986 A.2d 370 (Del. Ch. 2010) is attached hereto as Exhibit A.

(b) In *Guitierrez v. Logan,* Civ. No. H-02-1812 (S.D. Tex.), the Robbins Firm served as lead counsel in a derivative action on behalf of Cornell Companies, Inc. ("Cornell"). The notice of settlement sent to Cornell shareholders describes a purely non-monetary resolution, and states at p. 3: "Cornell has agreed to implement, *and in fact, as of August 1, 2006, pursuant to the Settling Parties' agreement, had implemented,* and will maintain for at least three (3) years the corporate-governance reforms and enhancements described below." (Emphasis supplied). A true and correct copy of the notice in that case is attached hereto as Exhibit B.

(c) In *In re Beazer Homes, USA Inc. Derivative Lit.,* Civil Action No. 1:07-CV-0842-CC, the Robbins Firm acted as lead counsel and proposed and obtained approval on February 17, 2010 of a settlement that featured corporate governance improvements, but no cash recovery. A true and correct copy of the Corporate Governance Term Sheet in that case is attached hereto as Exhibit C.

(d) In a 2009 class action on behalf of Embarq Corp. shareholders filed in Johnson County, Kansas, the Robbins Firm settled for disclosures in connection with a merger, and no cash. All of the settlement relief had been effectuated prior to the Court hearing. A true and correct copy of Summary Notice of Proposed Settlement of Class Action in that action is attached as Exhibit D.

(e) In another 2009 settlement, in *Forlenzo v. Puorro,* Civil Action No. 08-1532 (Super. Ct. Mass.), a derivative action on behalf of Candela Corp., the relief crafted by the Robbins Firm was solely non-pecuniary and involved: "creating a Risk Management Committee to assist the Board in its responsibility for accurate and complete public disclosure concerning all actual and potential patent related litigation involving the Company, which was the central issue raised in the Derivative Litigation." Notice of Proposed Settlement, p. 2. A true and correct copy of Notice of Proposed Settlement in that action is attached as Exhibit E.

(f) A February 2010 settlement proposed by the Robbins Firm as Co-Lead Counsel in *In re Stone Energy Deriv. Lit.,* Civil Action No. 05-2166 (W.D. La), involved two corporate governance measures, and no cash recovery. A true and correct copy of Notice of Pendency and Proposed Settlement of Shareholder Derivative Actions in that action is attached as Exhibit F.

(g) In *Staehr v. Spirit Finance Corp.,* No. CV2007-004741, the Robbins Firm proposed a class settlement involving disclosures to shareholders, with such disclosures having already transpired at the time of the settlement hearing. A true and correct copy of Notice of Pendency and Proposed Settlement of Class Action in that action is attached as Exhibit G.

(h) In *O'Brien on behalf of Novastar, Inc. v. Hartman,* Case No. 0816-CV02978 (Jackson Co., Mo.), a derivative suit, the Notice of Pendency and Proposed Settlement of Derivative Actions disseminated in 2009 by the Robbins Firm as Lead Counsel at page 8 describes the settlement as containing "corporate governance and remedial measures." A true and correct copy of Notice of Pendency and Proposed Settlement of Derivative Actions in that action is attached as Exhibit. H.

Executed this 14th day of July, 2010.

                                                      Laurence D. Paskowitz