# **EXHIBIT B**

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF TEXAS**
**HOUSTON DIVISION**

| | |
|---|---|
| JUAN GUITIERREZ, Derivatively on Behalf of CORNELL COMPANIES, INC. § § § Plaintiff, § vs. § § STEVEN W. LOGAN, ET AL. § § Defendants, § -and- § § CORNELL COMPANIES, INC., a Delaware § corporation, § Nominal Defendant. § | Civil Action No. H-02-1812 |

**NOTICE OF SETTLEMENT HEARING AND RIGHT TO APPEAR**

TO CURRENT STOCKHOLDERS OF CORNELL COMPANIES, INC. ("CORNELL")

AND BENEFICIAL OWNERS OF CORNELL COMMON STOCK AS OF MAY 8, 2001:

**PLEASE READ THIS NOTICE CAREFULLY IT MAY AFFECT YOUR RIGHTS**

THIS NOTICE RELATES TO A PROPOSED SETTLEMENT OF A STOCKHOLDER'S DERIVATIVE ACTION AND CLAIMS ASSERTED THEREIN. CORNELL STOCKHOLDERS AS OF MAY 8, 2001 THROUGH FEBRUARY 22, 2007 ARE ENTITLED TO APPEAR IN PERSON OR BY ATTORNEY AT THE HEARING AND SHOW CAUSE, IF ANY, WHY THE STIPULATION OF SETTLEMENT SHOULD NOT BE APPROVED; WHY A JUDGMENT DISMISSING THE ACTION WITH PREJUDICE AS AGAINST THE DEFENDANTS SHOULD NOT BE ENTERED AND THE CLAIM OF CORNELL AGAINST THE RELEASED PERSONS SHOULD NOT BE BARRED PERMANENTLY; AND/OR WHY THE APPLICATION OF PLAINTIFF'S COUNSEL FOR AN AWARD OF ATTORNEYS' FEES AND REIMBURSEMENTS OF LITIGATION EXPENSES SHOULD NOT BE APPROVED.

THIS NOTICE RELATES SOLELY TO SETTLEMENT OF A LAWSUIT BROUGHT ON BEHALF OF AND FOR THE BENEFIT OF CORNELL; THE LAWSUIT IS NOT A CLASS

ACTION AND NO INDIVIDUAL STOCKHOLDER HAS AN INDIVIDUAL CLAIM OR RIGHT TO INDIVIDUAL COMPENSATION.

This Notice is given pursuant to an Order of the United States District Court of the Southern District of Texas. The purpose of the Notice is to advise you that the above-entitled action (the "Litigation") was dismissed by the Court and that, while the Plaintiff's appeal was pending in the Fifth Circuit, the parties to the Litigation reached a proposed settlement which, if approved by the Court, would fully, finally and forever resolve the Litigation and the Released Derivative Claims (as defined herein) on the terms and conditions summarized in the Notice. The Court will consider approval of the settlement and the application of the Plaintiff and his counsel for attorneys' fees and reimbursement of expenses at a hearing to be held at 2:00 p.m. CST on the 22nd day of February 2007, in the United States District Court for the Southern District of Texas, 1217 Bob Casey United States Courthouse, 515 Rusk Street, Houston, TX 77002-2600.

This Notice is not intended to be and should not be construed as an expression of any opinion by the Court with respect to the truth of the allegations of the claims in the Litigation or the merits of the claims or defenses asserted. This Notice is merely to advise you of the pendency and proposed settlement of the Litigation and of your rights thereunder.

I.      BACKGROUND AND DESCRIPTION OF THE LITIGATION

On or about May 14, 2002, Plaintiff commenced the Litigation in his capacity as a stockholder of Cornell. The Litigation asserts derivative claims on behalf of Cornell against the following current and former directors and officers of Cornell: Steven W. Logan, Anthony R. Chase, James H.S. Cooper, David M. Cornell, Peter A. Leidel, Arlene R. Lissner, Harry J. Phillips, Jr., Tucker Taylor, Marcus A. Watts and John L. Hendrix, and nominal defendant Cornell (collectively, "Defendants"). The lawsuit related to Cornell's restatement in 2002 of

certain financial statements. The lawsuit alleged breaches of fiduciary duty and waste of corporate assets by all of the individual defendants and sought unspecified damages.[1] Defendants filed a motion to dismiss the Litigation, which this Court granted. The Plaintiff appealed that ruling to the Fifth Circuit Court of Appeals. While the case was pending before the Fifth Circuit, the parties reached a settlement agreement and moved the Fifth Circuit to dismiss and remand to this Court for approval of the settlement. The Fifth Circuit dismissed the case, and informed the parties that no remand was necessary. Pursuant to the Fifth Circuit's instructions, the parties have filed a Stipulation of Settlement and moved the Court to approve the settlement as required by Federal Rule of Civil Procedure 23.1.

## II. THE SETTLEMENT TERMS

Subject to the detailed terms and conditions set forth in the Stipulation of Settlement, upon final judicial approval, as part of the parties' final settlement of the Litigation, Cornell has agreed to implement the changes to its corporate-governance practices as follows:

### 1. The Settlement

By the Effective Date, as defined in Section IV.1.C of the Stipulation, as consideration for the settlement, subject to the provisions of this Section II.1., Cornell has agreed to implement, and in fact, as of August 1, 2006, pursuant to the Settling Parties' agreement, had implemented,

---

[1] Three other derivative lawsuits were filed at various times alleging similar claims, but all have been dismissed. Those lawsuits were styled as follows: (1) *William Williams, Derivatively and on Behalf of Nominal Defendant Cornell Companies, Inc. v. Anthony R. Chase, et al.,* No. 2002-15614, in the 127th Judicial District Court of Harris County, Texas (the "*Williams* Action"); (2) *Thomas Pagano, Derivatively on Behalf of Cornell Companies, Inc. v. Steven W. Logan, et al.,* No. H-02-1896, in the United States District Court for the Southern District of Texas, Houston Division (the "*Pagano* Action") and (3) *Jesse Menning, Derivatively on Behalf of Cornell Companies, Inc. v. Steven W. Logan, et al.*, No. 2002-28924, in the 164th Judicial District Court of Harris County, Texas (the "*Menning* Action"). The *Williams* Action was dismissed without prejudice by agreement. This Court dismissed the *Pagano* Action as duplicative of the Litigation. The *Menning* Action has been dismissed, but with an agreement that the plaintiff's claims as to Cornell are tolled until 30 days following the final resolution of the Litigation, including any appeals.

and will maintain for at least three (3) years the corporate-governance reforms and enhancements described below. These provisions will remain in effect for a minimum of three (3) years from the date they were adopted pursuant to the Stipulation and Agreement of Settlement; *provided*, *however*, that these requirements will immediately terminate if Cornell's common stock is no longer registered under the Securities Act of 1933, as amended, or the Securities Exchange Act of 1934, as amended, or if the Company delists its securities from the New York Stock Exchange.

Board of Directors:

(a) At least three-fourths (3/4) of the Board and all Board committees shall be comprised of independent directors.

(b) No more than three (3) members of the Board of Directors may concurrently serve as officers of the Company.

(c) In addition to the Chairman position, which may be held by an officer of the Company, an outside director will be named lead director.

Related-Party Transactions:

Cornell shall not engage the law-firm employer of any director who is a practicing attorney to perform legal services for the Company at any time while such director is serving on the Board of Directors.

Defendants also acknowledge that the pendency and prosecution of the Action, including the demands made in connection therewith, were a material and substantial factor underlying the decision of Cornell's Board of Directors to substantially alter and improve the manner in which the Company is governed. Subsequent to the filing of the Action, Cornell's Board of Directors adopted the following corporate governance changes:

New Management:

The Company hired a new Chairman and Chief Executive Officer, a new Chief Financial Officer and a new General Counsel.

Board of Directors:

The Board of Directors has been expanded from 7 members to 10 members.

Settlement-Notice Costs:

In addition, Cornell shall be responsible for the cost of publishing a summary notice of the settlement once in *Investors Business Daily*, or as directed by the Court.

**2.     Definitions**

As used in the Stipulation and Notice the following terms have the meanings specified below:

A.     "Current Cornell Shareholders" means persons who owned Cornell common stock as of May 8, 2001 and who continue to hold their Cornell common stock as of the date of the final settlement approval hearing.

B.     "Defendants" means Steven W. Logan, Anthony R. Chase, James H.S. Cooper, David M. Cornell, Peter A. Leidel, Arlene R. Lissner, Harry J. Phillips, Jr., Tucker Taylor, Marcus A. Watts and John L. Hendrix.

C.     "Effective Date" means the first date by which all of the events and conditions specified in Section VIII.1 of the Stipulation have been met and have occurred.

D.     "Final" means: (a) the date of final affirmance on an appeal of the Judgment, the expiration of the time for a petition for or a denial of a writ of certiorari to review the Judgment and, if certiorari is granted, the date of final affirmance of the Judgment following review pursuant to that grant; or (b) the date of final dismissal of any appeal from the Judgment or the final dismissal of any proceeding on certiorari to review the Judgment; or (c) if no appeal is filed,

the expiration date of the time for the filing or noticing of any appeal from the Court's Judgment approving the Order substantially in the form of Exhibit D attached to the Stipulation; i.e., thirty (30) days after entry of the Judgment. Any proceeding or order, or any appeal or petition for a writ of certiorari pertaining solely to any plan of allocation and/or application for attorneys' fees or expenses, shall not in any way delay or preclude the Judgment from becoming Final.

      E.    "Judgment" means the judgment to be rendered by the Court, substantially in the form attached as Exhibit D to the Stipulation.

      F.    "Person" means an individual, corporation, limited liability corporation, professional corporation, limited liability partnership, partnership, limited partnership, association, joint stock company, estate, legal representative, trust, unincorporated association, government or any political subdivision or agency thereof, and any business or legal entity and their spouses, heirs, predecessors, successors, representatives, or assignees.

      G.    "Plaintiff's Counsel" means Robbins Umeda & Fink, LLP, 610 W. Ash St., Suite 1800, San Diego, California 92101-3350, and The Warner Law Firm, 6363 Woodway, Suite 9100, Houston, Texas 77057.

      H.    "Related Persons" means each of a Defendant's and Cornell's past or present directors, officers, executive officers, managers, employees, partners, members, principals, agents, representatives, personal banks, assigns, attorneys, insurers, excess insurers, co-insurers, reinsurers, advisors, investment advisors, auditors, accountants, spouses, immediate family members, related or affiliated entities, heirs, executors, estates, administrators, predecessors, successors, any person or entity in which a Defendant or Cornell has or had a majority interest, or which is or was related to or affiliated with any Related Person, or any trust of which any

Defendant or Cornell is the settler or which is for the benefit of Cornell or any Defendant and/or member(s) of his family.

I. "Released Derivative Claims" means and includes any and all derivative claims, actions, causes of action, allegations, demands, rights, and liabilities, including but not limited to, claims for negligence, gross negligence, recklessness, breach of duty of care, breach of duty of loyalty, breach of fiduciary duty, bad faith, fraud, misrepresentation, mismanagement, breach of contract, corporate waste, malpractice, negligent misrepresentation, violations of any state or federal statute, rules or regulations, and any "Unknown Claims," as defined in Section II.2.L hereof, that have been or could have been asserted directly or indirectly, against any of the Released Persons in the Litigation by Cornell or one or more Cornell stockholders (including all record and beneficial owners) on behalf of Cornell relating to or arising out of or in connection with any of the claims, facts, allegations, transactions, events, occurrences, acts, disclosures, statements, omissions or failures to act which were or could have been alleged or asserted in the Litigation or any other forum.  Without limiting the generality of the foregoing, "Released Derivative Claims" include, but are not limited to, any claims based upon, relating to or arising out of the facts that were or could have been alleged relating to:

(1) the sale of Cornell common stock by any of the Released Persons or Cornell between May 8, 2001 to the present;

(2) Cornell's March 6, 2002 restatement;

(3) any financial statements, press releases, public filings, or other public disclosures made or issued by Cornell, its officers, directors, employees or agents between May 8, 2001 to the present; and

(4) any act, misrepresentation or omission occurring during the Class Period alleged in *In re Cornell Companies, Inc. Securities Litigation*; Civil Action No. H-02-0866; In the United States District Court for the Southern District of Texas, Houston Division (the "Class Action").

"Released Derivative Claims" also include, but are not limited to, claims brought in the three previously dismissed cases—the *Williams* Action, the *Pagano* Action, and the *Menning* Action. "Released Derivative Claims" do not include claims that were or could have been asserted in the Class Action or in the lawsuit styled *Ted Kinbergy v. Cornell Companies, Inc., et al.*, No. 2006-67413, in the 269th Judicial District Court of Harris County, Texas.

J. "Released Persons" means each and all of the Defendants, each and all of the current and former officers and directors of Cornell, and each and all of their respective Related Persons.

K. "Settling Parties" means, collectively, each of the Defendants and the Plaintiff on behalf of himself, and/or derivatively on behalf of Cornell.

L. "Unknown Claims" means any Released Derivative Claims which the Plaintiff does not know or suspect to exist in his favor at the time of the release of the Defendants and their Related Persons which, if known by him, might have affected his settlement with and release of the Defendants and their Related Persons, or might have affected his decision not to object to this Settlement. With respect to any and all Released Derivative Claims, the Settling Parties stipulate and agree that, upon the Effective Date, the Plaintiff shall expressly, and Cornell shall be deemed to have, and by operation of the Judgment shall have, expressly waived, the provisions, rights and benefits of California Civil Code § 1542, which provides:

> A general release does not extend to claims which the creditor does
> not know or suspect to exist in his favor at the time of executing
> the release, which if known by him must have materially affected
> his settlement with the debtor.

The Plaintiff and Cornell shall be deemed to have, and by operation of the Judgment shall have, expressly waived any and all provisions, rights and benefits conferred by any law of any state or territory of the United States, or principle of common law, which is similar, comparable

or equivalent to California Civil Code § 1542. The Plaintiff and Cornell may hereafter discover facts in addition to or different from those which he now knows or believes to be true with respect to the subject matter of the Released Derivative Claims, but the Plaintiff shall expressly and Cornell, upon the Effective Date, shall be deemed to have, and by operation of the Judgment shall have, fully, finally, and forever settled and released any and all Released Derivative Claims, known or unknown, suspected or unsuspected, contingent or non-contingent, whether or not concealed or hidden, which now exist, or heretofore have existed upon any theory of law or equity now existing or coming into existence in the future, including, but not limited to, conduct which is negligent, intentional, with or without malice, or a breach of any duty, law or rule, without regard to the subsequent discovery or existence of such different or additional facts. The Plaintiff acknowledges, and Cornell shall be deemed by operation of the Judgment to have acknowledged, that the foregoing waiver was separately bargained for and a key element of the Settlement of which this release is a part.

As a result of the Stipulation, judgment will be entered dismissing the Litigation on the merits, with prejudice; and Cornell, Plaintiff and all stockholders of Cornell will release and will be forever barred from asserting any derivative claims or causes of action derivatively on behalf of Cornell against any of the Released Persons that were complained of or raised in the Litigation, or that might have been asserted by reason of, or in connection with, any of the conduct referred to in the Litigation, or that are in any way connected with or based upon or arise out of any of the conduct alleged in the Litigation.

### III. REASONS FOR THE SETTLEMENT

Plaintiff, through his counsel, has made an extensive factual and legal investigation concerning the claims asserted in the Litigation. Plaintiff believes that the claims asserted in the Litigation have merit. However, Plaintiff's Counsel recognize and acknowledge the expense and

length of continued proceedings necessary to prosecute the Litigation against the Defendants through trial and through appeals. Plaintiff's Counsel have taken into account the uncertain outcome and the risk of any litigation, especially in complex derivative actions such as the Litigation, as well as the difficulties and delays inherent in such litigation. Plaintiff's Counsel also are mindful of the inherent problems of proof of and possible defenses to the causes of action asserted in the Complaint, including the defenses asserted by the Defendants during the Litigation and in settlement negotiations. Plaintiff's Counsel also recognize that the termination of the Litigation on fair and reasonable terms, including enhanced corporate-governance measures is in Cornell's and its stockholders' best interests. In light of the foregoing, Plaintiff's Counsel believe that the settlement confers substantial benefits upon Cornell and its stockholders. Based on their evaluation and substantial experience in this area of the law, Plaintiff's Counsel have determined that the settlement is in the best interests of Plaintiff, Cornell and its stockholders.

Each of the Defendants has denied and continues to deny each and all of the material allegations against him or her contained in the Complaint and any other pleadings filed in this Litigation. Each of the Defendants expressly has denied and continues to deny all charges of wrongdoing or liability against him or her arising out of any of the conduct, statements, acts or omissions alleged, or that could have been alleged, in the Litigation. Each of the Defendants further has asserted and continues to assert that at all material times, he or she acted in good faith and in a manner he or she reasonably believed to be in the best interests of Cornell and its stockholders and in accordance with all applicable rules, regulations and laws.

Each of the Defendants, while vigorously asserting and maintaining that the claims which in any way relate to him or her are without merit, and without in any way acknowledging any

fault or liability, has agreed to enter into the Stipulation of Settlement in order to put to rest the claims asserted in the Action and in order to avoid the risk, further expense, inconvenience and distraction of a burdensome and protracted litigation.

IV.     **APPLICATION FOR COUNSEL FEES AND EXPENSES**

At the Settlement Hearing, if the Court approves the Settlement, Plaintiff's Counsel will seek an award of attorneys' fees and reimbursements of litigation expenses in a total amount not to exceed $150,000. Cornell has agreed to cause the Defendants' directors' and officers' insurer to pay such fees and expenses in the aggregate amount of $150,000, subject to the approval of the Court. To date, Plaintiff's Counsel have not received any fees or reimbursement of any expenses for prosecuting the Litigation.

V.      **RIGHT TO APPEAR**

The Stipulation of Settlement will become effective upon final judicial approval and the expiration of a specified period of time. Any person who is a Current Cornell Shareholder, i.e. Persons who owned Cornell common stock as of May 8, 2001 and who continue to hold their Cornell common stock as of the date of the final settlement approval hearing, may appear in person or by attorney at the hearing and show cause, if any, why: (i) the Stipulation of Settlement should not be approved; (ii) a judgment dismissing the Litigation with prejudice as against the Defendants should not be entered and the claim of Cornell against the Released Persons should not be barred permanently; and/or (iii) the application of Plaintiff's Counsel for an award of attorneys' fees and litigation expenses should not be approved. Before the Court will consider an objection, however, such objection must be in writing and must include the objector's name, address, telephone number and signature and be accompanied by formal proof of continuous ownership of Cornell stock from May 8, 2001 through the date of objection. Any shareholder that files a written objection and appears at the Settlement Hearing, either in person

or through counsel, must also be prepared to show continuous ownership through the date of the Settlement Hearing. Any written objection must be filed with the Court and served upon the following at least twenty (20) days before the Settlement Hearing date:

| | |
|---|---|
| Paul R. Bessette (Attorney-in-Charge)<br>Michael J. Biles<br>Jennifer R. Brannen<br>Akin Gump Strauss Hauer & Feld LLP<br>300 West 6th Street, Suite 2100<br>Austin, Texas 78701 | Brian J. Robbins<br>Kelly M. McIntyre<br>Robbins Umeda & Fink, LLP<br>610 W. Ash St., Ste. 1800<br>San Diego, California 92101-3350<br><br>Paul T. Warner<br>The Warner Law Firm<br>6363 Woodway<br>Suite 910<br>Houston, Texas 77057 |
| Counsel for Defendants | Counsel for Plaintiff |

Service of papers on counsel must be by first-class mail, hand delivery, or overnight courier service. Consideration of any award of attorneys' fees and expenses to Plaintiff's Counsel shall be separate from the Court's consideration of the fairness, reasonableness and adequacy of the settlement to Cornell and its stockholders. If the Court approves the settlement, Cornell's stockholders will be barred from contesting the fairness, reasonableness or adequacy of the settlement and from pursuing the Released Derivative Claims against the Released Persons.

## VI.   AVAILABILITY OF PLEADINGS, STIPULATION OF SETTLEMENT AND OTHER PAPERS IN THE ACTION

For a more detailed statement of the matters involved in the Litigation and the proposed settlement, reference is made to the pleadings in the Litigation, the Stipulation of Settlement, and all other papers filed in the Litigation, which are available for inspection during regular business hours of each business day in the office of the Clerk of the Court, United States District Court for the Southern District of Texas, 1217 Bob Casey United States Courthouse, 515 Rusk Street, Houston, TX 77002-2600. Prior to the final hearing, Plaintiff's Counsel will also file with the

Clerk of the Court briefs, declarations and other papers in support of the Settlement and their application for award of attorneys' fees and reimbursement of expenses. Interested persons are requested not to make telephone or mail inquiries to the Court. Such documents will also be available for examination by any stockholder of Cornell in person or by attorney, upon reasonable prior notice, at the offices of the attorneys for Cornell, or of the Plaintiff's Counsel, at the addresses specified above.

Inquiries concerning this notice, or the proposed settlement may be made to Plaintiff's Counsel by *writing* to: Kelly M. McIntyre, ROBBINS UMEDA & FINK, LLP, 610 W. Ash St., Ste. 1800, San Diego, California 92101-3350.

Additional copies of this Notice for forwarding to record owners or to beneficial owners may be obtained by request in *writing* to: Cornell Derivative Litigation c/o Paul R. Bessette, AKIN GUMP STRAUSS HAUER & FELD LLP, 300 West 6th Street, Suite 2100, Austin, TX 78701.

Signed this ____ day of _____, 200__.

 

                                                     _____
                                                     UNITED STATES DISTRICT JUDGE
                                                     SOUTHERN DISTRICT OF TEXAS