# **EXHIBIT E**

## COMMONWEALTH OF MASSACHUSETTS

| | |
|---|---|
| **MIDDLESEX, SS.** | **SUPERIOR COURT DEPARTMENT** |

| | |
|---|---|
| DENNIS FORLENZO, Derivatively on Behalf of CANDELA CORPORATION, ) ) ) ) Plaintiff, ) ) ) vs. ) ) ) GERARD E. PUORRO, DENNIS S. ) HERMAN, ROBERT J. WILBER, JAMES ) C. HSIA, TOSHIO MORI, ROBERT E. ) QUINN, BEN BAILEY, III, KENNETH D. ) ROBERTS, NANCY E. NAGER, GEORGE ) A. ABE, DOUGLAS W. SCOTT, WILLIAM ) H. MCGRAIL, F. PAUL BROYER, PAUL ) B. CARDARELLI, ERIC F. BERNSTEIN, ) ) Defendants, ) ) -and- ) ) CANDELA CORPORATION, a Delaware ) corporation, ) ) Nominal Defendant. ) | Civil Action No. 08-1532<br><br><u>DERIVATIVE ACTION</u> |

## **NOTICE OF PROPOSED SETTLEMENT**

**TO:   ALL CURRENT OWNERS OF CANDELA CORPORATION ("CANDELA" OR THE "COMPANY") COMMON STOCK**

YOU ARE HEREBY NOTIFIED that the parties to *Forlenzo v. Puorro, et al.* (the "Derivative Litigation"), pending in Massachusetts Superior Court, County of Middlesex (the "Court"), have entered into a Stipulation of Settlement (the "Stipulation") to resolve the issues raised by the Derivative Litigation.

This Notice has been posted pursuant to an order of the Court dated March 12, 2009 ("Notice Order"), which granted preliminary approval of the proposed settlement as set forth in the Stipulation dated January 16, 2009 (the "Settlement"), by and among the Settling Parties (defined below) and approved the form and method of this Notice, as well as a Summary Notice of Proposed Settlement approved for publication, to Current Candela Shareholders (defined below).  The purpose of this Notice is to inform you of:  (i) the proposed Settlement of the Derivative Litigation; and (ii) the date and location of the hearing to be held by the Court to consider the fairness, reasonableness and adequacy of the Settlement ("Settlement Hearing"), including approval of attorneys' fees and expenses.  If you were a record or beneficial owner of Candela common stock as of October 23, 2008, then you are a Current Candela Shareholder and this Notice applies to you.  This Notice describes the rights you may have in connection with the Settlement and what steps you may take in relation to any comments you may have regarding the Settlement of the Derivative Litigation.

This Notice is not an expression of any opinion by the Court about the merits of any of the claims or defenses asserted by any party in the Derivative Litigation or the fairness or adequacy of the proposed Settlement.

**I.     THE LITIGATION**

Dennis Forlenzo (the "Plaintiff") filed a Verified Shareholder Derivative Complaint for Breach of Fiduciary Duty, Waste of Corporate Assets and Unjust Enrichment (the "Complaint") on April 16, 2008, in the Court on behalf of himself and, derivatively, on behalf of Candela, against defendants Gerard E. Puorro, Dennis S. Herman, Robert J. Wilber, James C. Hsia, Toshio Mori, Robert E. Quinn, Ben Bailey, III, Kenneth D. Roberts, Nancy E. Nager, George A. Abe, Douglas W. Scott, William H. McGrail, F. Paul Broyer, Paul B. Cardarelli and Eric F. Bernstein (the "Individual

Defendants"). (Plaintiff, the Individual Defendants and Candela are collectively referred to as the "Settling Parties.")

The Complaint asserts claims for breach of fiduciary duty, misappropriation, abuse of control, gross mismanagement, waste of corporate assets and unjust enrichment arising out of allegations that the Individual Defendants allegedly: (i) made false statements denying that Candela had received notice that it was infringing on patents held by Palomar Medical Technologies, Inc. ("Palomar"), one of Candela's competitors, when, in reality, it had been notified of both of the alleged infringement and Palomar's intention to enforce its patents, generally; and (ii) made materially misleading, overly-optimistic statements about the Company's financial condition and competitive position while knowing and failing to disclose that Candela was losing market share to its competitors as a result of the obsolescence of its laser products and its concurrent failure to offer a state-of-the-art, "multi-application" device.  The Complaint further alleges that certain of the Individual Defendants sold significant portions of their Candela stock holdings while purportedly in possession of the non-public, material information set forth above.  The Complaint seeks, among other things, damages, restitution and injunctive relief.

## II. THE SETTLEMENT

The Settling Parties reached the proposed Settlement after a hard-fought and arm's-length mediation before the Honorable Nicholas H. Politan, a retired federal judge who devotes significant time to mediating the types of claims asserted in the Derivative Litigation.  Without admitting any wrongdoing, fault, liability or damage, Candela and the Individual Defendants acknowledge that the pendency and prosecution of the Derivative Litigation was a substantial contributing factor to their agreement to adopt and fully implement the agreed-upon corporate governance reforms intended to prevent the reoccurrence of the wrongdoing alleged in the Complaint.  In particular, the Board of Directors of Candela (the "Board") had agreed to adopt a resolution creating a Risk Management Committee to assist the Board in its responsibility for accurate and complete public disclosure concerning all actual and potential patent related litigation involving the Company, which was the central issue raised in the Derivative Litigation.

After negotiating the substantive terms of the Settlement, counsel for the Settling Parties agreed that, subject to the approval of the Court, the amount of attorneys' fees and expenses paid to Robbins Umeda LLP and Partridge, Ankner & Horstmann, LLP ("Plaintiff's Counsel") will be $100,000 (the "Fee and Expense Award"). Plaintiff's Counsel have neither received any payment for their services in conducting the Derivative Litigation, nor been reimbursed for their expenses. Plaintiff's Counsel will seek approval from the Court for the agreed upon Fee and Expense Award at the Settlement Hearing.

### III.   DISMISSAL AND RELEASES

If the proposed Settlement is approved, the Court will enter a Final Judgment and Order of Dismissal with Prejudice (the "Judgment").  The Judgment will dismiss all claims, or causes of action, that have been or could have been asserted through October 23, 2008, by Plaintiff, Candela or Candela shareholders on behalf of Candela, against the Individual Defendants in the Derivative Litigation, that are based upon or related to the acts, events, transactions, facts, statements, omissions or failures to act which were alleged or could have been alleged in the Derivative Litigation through October 23, 2008.  This dismissal will also include claims that any Settling Party or Current Candela Shareholder did not know existed or suspected to exist in such party's favor at the time of the dismissal.  A complete explanation of the release is contained within the Stipulation.

It is the intent of the Settling Parties that no action may later be brought or prosecuted derivatively on behalf of Candela, which arises from or relates to the subject matter of the Derivative Litigation.  The claims released in the Settlement, however, shall not include any rights or claims by the Individual Defendants and/or Candela under any policies of insurance or for indemnification.

### IV.   REASONS FOR SETTLEMENT

Plaintiff believes that the claims asserted in the Derivative Litigation have merit.  Plaintiff's Counsel, however, recognize and acknowledge the expense and length of continued proceedings necessary to prosecute the Derivative Litigation against the Individual Defendants through trial and through appeals.  Plaintiff's Counsel have also taken into account the uncertain outcome and the risk of any litigation, especially in a complex action such as the Derivative Litigation, as well as the difficulties and delays inherent in such litigation.  Plaintiff's Counsel are also mindful of the inherent

problems of proof and possible defenses to the claims asserted in the Derivative Litigation. Plaintiff's Counsel believe that the Settlement set forth in this Stipulation confers substantial benefits upon Candela. Based on their evaluation, Plaintiff's Counsel have determined that the Settlement set forth in this Stipulation is in the best interests of Candela and is fair, reasonable and adequate. In addition, the Individual Defendants and Candela believe that the proposed Settlement set forth in the Stipulation confers substantial benefits upon the Company. Moreover, Candela believes that the proposed Settlement is in its best interests as well as the best interests of Current Candela Shareholders.

## V.     NOTICE OF HEARING ON PROPOSED SETTLEMENT

A Settlement Hearing will be held on June 23, 2009, at 2:00 p.m. before the Judge of the Massachusetts Superior Court, County of Middlesex, Courtroom 520, 200 TradeCenter, Woburn, MA 01801. The purpose of the Settlement Hearing will be to determine: (a) whether the Settlement set forth in the Stipulation should be approved as fair, reasonable and adequate; (b) whether the Derivative Litigation should be dismissed with prejudice; and (c) whether the Court should approve the Fee and Expense Award. The Court may adjourn or continue the Settlement Hearing by oral announcement at such hearing or at any adjournment without further notice of any kind.

## VI.    CONDITIONS FOR SETTLEMENT

The Settlement is conditioned upon the occurrence of certain events. Those events include, among other things: (i) the entry of the Judgment by the Court, as provided for in the Stipulation; and (ii) the Judgment becoming final, as provided in the Stipulation, which includes affirmance of the Judgment by the highest appellate court to review it or expiration of the time for all appellate review of the Judgment. If, for any reason, any one of these conditions, as fully described in the Stipulation, is not met, the Settling Parties will be restored to their respective positions on October 23, 2008.

## VII.   THE RIGHT TO BE HEARD AT THE HEARING

Any Current Candela Shareholder may appear and be heard at the Settlement Hearing. Current Candela Shareholders wishing to assert an objection to the Settlement should no later than June 9, 2009:

>  (i)   file with the Clerk of the Court notice of such shareholder's intention to appear, showing proof of ownership of Candela common stock, including the number of shares of Candela common stock held and the date of purchase, and providing a statement that indicates the basis for such appearance, the nature of such objection, the identities of any witnesses that such shareholder plans to call at the Settlement Hearing and any documentation in support of any objection; and

>  (ii)   simultaneously serve copies of such notice, proof, statement and documentation, together with copies of any other papers or briefs such shareholder files with the Court (either by hand delivery or by first class mail) upon the following:

| | |
|---|---|
| Brian J. Robbins<br>Craig W. Smith<br>Caroline A. Schnurer<br>Mark A. Golovach<br>Arshan Amiri<br>ROBBINS UMEDA LLP<br>610 West Ash Street, Suite 1800<br>San Diego, CA 92101<br>Telephone: (619) 525-3990<br>Facsimile:  (619) 525-3991 | Ralph C. Ferrara<br>Lyle Roberts<br>Matthew L. DiRisio<br>DEWEY & LEBOEUF LLP<br>1101 New York Avenue, NW<br>Washington, D.C.  20005<br>Telephone: (202) 346-8029<br>Facsimile: (202) 956-3267 |
| Terence K. Ankner<br>Peter C. Horstmann<br>PARTRIDGE, ANKNER &<br>   HORSTMANN, LLP<br>The Berkeley Building<br>200 Berkeley Street, 16th Floor<br>Boston, MA  02116<br>Telephone: (617) 859-9999<br>Facsimile:  (617) 859-9998<br><br>Attorneys for Plaintiff | Robert M. Shaw<br>DEWEY & LEBOEUF LLP<br>260 Franklin Street<br>Boston, MA 02110<br>Telephone: (617) 748-6834<br>Facsimile: (617) 897-9034<br><br>Attorneys for Individual Defendants and<br>Nominal Defendant Candela Corporation |

## VIII.   EXAMINATION OF PAPERS

This Notice is a summary and does not describe all the detail of the Stipulation.  To obtain a copy of the Stipulation, please contact the office of the Clerk of the Court, Massachusetts Superior Court, County of Middlesex, 200 TradeCenter, Woburn, MA  01801.  A copy of the Stipulation is

also available for viewing on the websites of Candela at www.candelalaser.com and Robbins Umeda LLP at www.robbinsumeda.com.

For further information regarding this Settlement you may contact: Brian J. Robbins, Robbins Umeda LLP, 610 West Ash Street, Suite 1800, San Diego, CA 92101, (619) 525-3990.

**PLEASE DO NOT TELEPHONE THE COURT REGARDING THIS NOTICE**