# **EXHIBIT G**

SUPERIOR COURT OF ARIZONA
COUNTY OF MARICOPA

| | |
|---|---|
| DORIS STAEHR, on behalf of herself and all others similarly situated,<br><br>　　　　　　　　　　Plaintiff,<br><br>　vs.<br><br>SPIRIT FINANCE CORPORATION; CHRISTOPHER H. VOLK; MORTON H. FLEISCHER; KENNETH B. ROATH; CASEY J. SYLLA; LINDA J. BLESSING; WILLIE R. BARNES; DENNIS E. MITCHEM; PAUL F. OREFFICE; JIM PARISH; and SHELBY YASTROW,<br><br>　　　　　　　　　　Defendants. | No. CV2007-004741<br><br>(The Hon. John A. Buttrick) |

### NOTICE OF PENDENCY AND PROPOSED SETTLEMENT OF CLASS ACTION

*IF YOU OR SOMEONE IN YOUR FAMILY HELD SHARES OF SPIRIT FINANCE CORPORATION ("SPIRIT FINANCE") COMMON STOCK AT SOME POINT BETWEEN THE CLOSE OF TRADING ON MARCH 12, 2007 THROUGH THE EFFECTIVE TIME OF THE MERGER IN JULY, 2007, AS DEFINED IN THE MERGER AGREEMENT. YOUR RIGHTS MAY BE AFFECTED BY THE SETTLEMENT OF A CLASS ACTION.*

　　The Superior Court of Maricopa County, Arizona authorized this Notice.[1]  This is not a solicitation from a lawyer.

- The settlement resolves a lawsuit over whether Defendants breached their fiduciary duties to, or aided and abetted the breach of fiduciary duties to, the shareholders of Spirit Finance in connection with the acquisition of Spirit Finance by Redford (the "Merger"). Spirit Finance, Christopher H. Volk, Morton H. Fleischer, Kenneth B. Roath, Casey J. Sylla, Linda J. Blessing, Willie R. Barnes, Dennis E. Mitchem, Paul F. Oreffice, Jim Parish and Shelby Yastrow are the Defendants.

- The settlement provides for the disclosure of additional information by Spirit Finance and Redford regarding the acquisition of Spirit Finance by Redford in a Definitive 14A Proxy Statement that was filed with the U.S. Securities and Exchange Commission on or about June 6, 2007.  Plaintiff believes disclosure of such information was necessary in order for Spirit Finance shareholders to make an informed vote on the proposed acquisition of Spirit Finance by Redford.  The settlement also provides for payment of Plaintiff's attorneys' fees and expenses.

- Please read this Notice carefully.

**YOUR LEGAL RIGHTS AND OPTIONS IN THIS SETTLEMENT:**

| | |
|---|---|
| **DO NOTHING OR EXCLUDE YOURSELF** | Exclusion is the only option that allows you to participate in another lawsuit against the Defendants relating to the legal claims in this case. |
| **OBJECT** | You may write to the Court if you don't like this settlement. |
| **GO TO A HEARING** | You may ask to speak in Court about the fairness of the settlement. |

- These rights and options — *and the deadlines to exercise them* — are explained in this Notice.
- The Court in charge of this case must decide whether to approve the settlement.

---

[1] The capitalized terms used herein and not otherwise defined are defined in the Stipulation of Settlement, dated August 13, 2007.

**BASIC INFORMATION**

1. **Why Did I Get This Notice?**

You or someone in your family held shares of Spirit Finance common stock between the close of trading on March 12, 2007 through the Effective Time of the Merger as defined in the Merger Agreement.

The Court ordered this Notice because you have a right to know about a proposed settlement of a class action lawsuit before the Court decides whether to approve the settlement.

This Notice explains the lawsuit, the settlement and your legal rights.

The Court in charge of the case is the Superior Court of Arizona, Maricopa County, and the case is known as *Staehr v. Spirit Finance Corporation*, Case No. CV2007-004741. A similar putative class action pending in the Circuit Court for Baltimore County styled *Rechdeiner v. Spirit Finance Corporation, et al.*, Case No. 24-C-07-001791 (the "Maryland Action") will be dismissed with prejudice once the proposed settlement of this Action is final.

2. **What Is This Lawsuit About?**

This case was brought as a class action. The Plaintiff alleges that the Defendants breached their fiduciary duties to, or aided and abetted the breach of fiduciary duties to, the shareholders of Spirit Finance common stock in connection with the acquisition of Spirit Finance by Redford. Plaintiff sought to stop the Defendants from proceeding with the Merger. The Plaintiff also challenges the fairness of the terms of the acquisition agreement and alleges that the public statements and descriptions of the Merger omitted information necessary for Spirit Finance shareholders to make an informed vote on the proposed acquisition.

The Defendants contend that the allegations are meritless. They contend that the Merger was properly approved in a fair, open process by the Spirit Finance board of directors. The Defendants further contend that their public statements and descriptions of the Merger included all information that a reasonable investor would consider important in deciding whether to vote in favor of the Merger.

3. **Why Is This a Class Action?**

In a class action, one or more people or entities (in this case Doris Staehr), sue as class representatives on behalf of people and entities who are similarly situated. These similarly situated people and entities are called a Class or Class Members, if the Court determines that the lawsuit should proceed as a class action. One court resolves the issues for all Class Members, or in the case of a Settlement, all Settlement Class Members.

4. **Why Is There a Settlement**?

The Court did not decide in favor of Plaintiff or Defendants. Instead, both sides agreed to a settlement, thereby avoiding the costs and risks of a trial. Before agreeing to finalize the settlement, Plaintiff's Counsel negotiated for the right to conduct discovery to confirm that the material terms of the Merger were fair. Following completion of the discovery, Plaintiff's Counsel have determined that they believe the additional disclosures that Defendants agreed to provide to shareholders were sufficient to allow Spirit Finance shareholders to make an informed vote on the Merger.

5. **How Do I Know if I Am Part of the Settlement?**

The Settlement Class includes all holders of Spirit Finance common stock between the close of trading on March 12, 2007 through the Effective Time of the Merger as defined in the Merger Agreement, including their respective successors in interest, predecessors, trustees, executors, administrators, heirs, assignees, transferees, and any Person or entity acting on their behalf. Excluded from the Settlement Class are: (i) the Defendants; (ii) the immediate family members of the Director Defendants; (iii) Macquarie Holdings USA, Inc., Kaupthing Bank hf., or Redford; and (iv) any affiliates of or entities controlled by Spirit Finance, Macquarie Holdings USA, Inc., Kaupthing Bank hf. Or Redford.

**THE SETTLEMENT BENEFITS**

6. **What Does the Settlement Provide?**

Plaintiff has alleged the Defendants agreed to the Merger without having engaged in fair and open negotiations with all potential bidders, and without having performed a viable market check and/or open auction for the sale of Spirit Finance, thereby failing to maximize Spirit Finance shareholder value. Plaintiff further alleged that the terms of the Merger Agreement impermissibly tilted the playing field in favor of Redford and effectively deterring would-be competing bids for Spirit Finance. Finally, Plaintiff alleged that the Director Defendants failed to disclose all material information relating to the proposed acquisition. Defendants have denied Plaintiff's allegations, contending that the Merger was fair to the Spirit Finance shareholders. Defendants also have denied that other potential bidders were deterred from making a competing bid for Spirit Finance. To settle the lawsuit, Defendants made available to Spirit Finance's shareholders additional information related to the Merger in the Definitive 14A Proxy Statement. Defendants acknowledge that the pendency of this lawsuit was the substantial factor in Defendants' decision to provide this additional information to Spirit Finance shareholders.

### 7. What Does It Mean to Be Part of the Settlement Class?

If you are in the Settlement Class, that means you cannot sue or be part of any other lawsuit, if one is filed, against the Defendants or other Released Persons about the legal issues in this case. It also means that all of the Court's orders will apply to you and legally bind you.

In addition, you are releasing your "Released Claims," which means all claims or causes of action of any kind, whether known or unknown, that were or could have been brought individually, derivatively, or in any other capacity by Plaintiff or any member of the Settlement Class in this Action or the Maryland Action against the Released Persons including, without limitation, those relating to the Merger Agreement, the Preliminary Proxy Statement, the Definitive Proxy Statement, any other disclosures relating to Spirit Finance, or any fiduciary duty or other obligations of any of the Defendants or other "Released Persons," which include each of the Director Defendants and their spouses, Spirit Finance, Redford, Redford Holdco LLC, Macquarie Holdings USA, Inc., and Kaupthing Bank hf. and their respective predecessors, successors, parents, subsidiaries, affiliates, heirs, executors, administrators, estates, partners, members, shareholders and agents (including past and present officers, directors, employees, attorneys, financial and other advisors or consultants, insurers, accountants, persons who provided fairness opinions, investment bankers and/or attorneys).

"Unknown Claims" means any claim, cause of action, damage or harm which the Plaintiff and/or members of the Settlement Class do not know or suspect to exist at this time which, if known, might have affected his, her or its settlement with and release of the Released Persons, or might have affected his, her or its decision not to object to this settlement. With respect to any and all Released Claims, the Parties stipulate and agree that, upon entry of the Judgment, the Plaintiff and each member of the Settlement Class shall be deemed to have, and by operation of the Judgment shall have, waived and relinquished, to the fullest extent permitted by law, the provisions, rights and benefits of California Civil Code § 1542, which provides:

> A GENERAL RELEASE DOES NOT EXTEND TO CLAIMS WHICH THE CREDITOR DOES NOT KNOW OR SUSPECT TO EXIST IN HIS OR HER FAVOR AT THE TIME OF EXECUTING THE RELEASE, WHICH IF KNOWN BY HIM OR HER MUST HAVE MATERIALLY AFFECTED HIS OR HER SETTLEMENT WITH THE DEBTOR.

Upon entry of the Judgment, the Plaintiff and each member of the Settlement Class shall be deemed to have, and by operation of the Judgment shall have, expressly waived any and all provisions, rights and benefits conferred by any law of any state or territory of the United States, or principle of common law or international or foreign law, which is similar, comparable or equivalent to California Civil Code § 1542. The Plaintiff and members of the Settlement Class may hereafter discover facts in addition to or different from those which he, she or it now knows or believes to be true with respect to the subject matter of the Released Claims, but the Plaintiff and each member of the Settlement Class, upon entry of the Judgment, shall be deemed to have, and by operation of the Judgment shall have, fully, finally and forever settled and released any and all Released Claims, known or unknown, suspected or unsuspected, contingent or non-contingent, whether or not concealed or hidden, which now exist, or heretofore have existed, without regard to the subsequent discovery or existence of such different or additional facts. The Parties acknowledge, and members of the Settlement Class shall be deemed by operation of the Judgment to have acknowledged, that the foregoing waiver was separately bargained for and a material element of the settlement of which this release is a part.

## THE LAWYERS REPRESENTING YOU

### 8. Do I Have a Lawyer in This Case?

The law firms of Robbins Umeda & Fink, LLP and Tiffany and Bosco, P.A. represent you and other Settlement Class Members. These lawyers are called Plaintiff's Counsel. You will not be charged for these lawyers. If you want to be represented by your own lawyer, you may hire one at your own expense.

### 9. How Will the Lawyers Be Paid?

Defendants have agreed that if the other conditions of the settlement are satisfied, Redford, or any of its wholly-owned subsidiaries, shall pay the attorneys' fees and expenses and costs of Plaintiff's Counsel so long as they do not exceed $690,000.00. The parties negotiated this fee amount after reaching agreement on the additional disclosures.

## OBJECTING TO THE SETTLEMENT

You can tell the Court that you do not agree with the settlement or some part of it.

### 10. How Do I Tell the Court that I Don't Like the Settlement?

If you are a Settlement Class Member, you can object to the settlement if you don't like any part of it. You can give reasons why you think the Court should not approve it. The Court will consider your views. To object, you must send a letter saying that you object to the settlement in *Staehr v. Spirit Finance Corporation*, Case No. CV2007-004741. Be sure to include your name, address, telephone number, your signature, the number of shares of Spirit

Finance common stock that you held as of the close of trading on March 12, 2007, through the Effective Time of the Merger as defined in the Merger Agreement, and the reasons you object to the settlement. Mail the objection to the following places such that it is received no later than February 6, 2008 by each of the following:

*Counsel for Plaintiff:*

| | |
|---|---|
| Brian J. Robbins | Richard G. Himelrick |
| Jeffrey P. Fink | Salvador Ongaro |
| Felipe J. Arroyo | Tiffany & Bosco, P.A. |
| Arshan Amiri | Third Floor Camelback Esplanade II |
| Robbins Umeda & Fink, LLP | 2525 East Camelback Road |
| 610 West Ash Street, Suite 1800 | Phoenix, AZ 85016-4237 |
| San Diego, CA 92101 | |

*Counsel for Defendants Spirit Finance Corporation, Volk, Fleischer, Roath, Sylla, Blessing, Barnes, Mitchen, Oreffice, Parish and Yastrow:*

Keith Beauchamp
Jesse B. Simpson
Lewis & Roca, LLP
40 N. Central Ave., Suite 1900
Phoenix, AZ 85004

## EXCLUDING YOURSELF FROM THE SETTLEMENT

If you do not want to be part of this settlement, but you want to keep the right to sue or continue to sue the Defendants on your own about the same legal issues in this case, then you must take steps to get out of the class. This is called excluding yourself or is sometimes referred to as opting out of the class.

### 11. How Do I Get Out of the Class?

To exclude yourself from the class, you must send a letter by mail stating that you want to be excluded from the class. Write to *Staehr v. Spirit Finance Corporation*, Case No. CV2007-004741, at the address below. You must include your name, address, telephone number, your signature, and proof of the number of shares of Spirit Finance common stock held from the close of trading on March 12, 2007 through the Effective Time of the Merger as defined in the Merger Agreement. You must mail your exclusion request postmarked no later than February 6, 2008 to:

*Counsel for Plaintiff:*

| | |
|---|---|
| Brian J. Robbins | Richard G. Himelrick |
| Jeffrey P. Fink | Salvador Ongaro |
| Felipe J. Arroyo | Tiffany & Bosco, P.A. |
| Arshan Amiri | Third Floor Camelback Esplanade II |
| Robbins Umeda & Fink, LLP | 2525 East Camelback Road |
| 610 West Ash Street, Suite 1800 | Phoenix, AZ 85016-4237 |
| San Diego, CA 92101 | |

*Counsel for Defendants Spirit Finance Corporation, Volk, Fleischer, Roath, Sylla, Blessing, Barnes, Mitchen, Oreffice, Parish and Yastrow:*

Keith Beauchamp
Jesse B. Simpson
Lewis & Roca, LLP
40 N. Central Ave., Suite 1900
Phoenix, AZ 85004

You cannot exclude yourself by telephone or by e-mail. If you ask to be excluded, you cannot object to the settlement and you will not be legally bound by anything that happens in this lawsuit.

### 12. If I Do Not Exclude Myself, Can I Sue the Defendants for the Same Thing Later?

No. If the Court approves the settlement, unless you exclude yourself, you give up any right to sue the Defendants for the claims resolved by this lawsuit. If you have a pending lawsuit against any of the Defendants, speak to your lawyer in that case immediately. Remember, the exclusion deadline is February 6, 2008.

## THE COURT'S FAIRNESS HEARING

The Court will hold a hearing to decide whether to approve the settlement. You may attend and you may ask to speak, but you don't have to.

### 13. When and Where Will the Court Decide Whether to Approve the Settlement?

The Court will hold a fairness hearing at 8:30 a.m. on February 22, 2008 at the Maricopa County Superior Court, 201 W. Jefferson, #7D, Phoenix, Arizona, 85003. At this hearing the Court will consider whether the settlement is fair, reasonable and adequate. If there are objections, the Court will consider them. The Court will listen to people who have asked to speak at the hearing. The Court may decide these issues at the hearing or take them under consideration. We do not know how long the Court's decision will take. The Court has reserved the right to adjourn or continue the fairness hearing without further notice to you.

### 14. Do I Have to Come to the Hearing?

No. Plaintiff's Counsel will answer questions the Court may have, but, you are welcome to come at your own expense. If you send an objection, you don't have to come to Court to talk about it. As long as you submitted your written objection on time, the Court will consider it. You may also pay your own lawyer to attend, but it is not necessary.

### 15. May I Speak at the Hearing?

You may ask the Court for permission to speak at the fairness hearing. To do so, you must send a letter saying that it is your intention to appear in *Staehr v. Spirit Finance Corporation*, Case No. CV2007-004741. Be sure to include your name, address, telephone number, and your signature. Your notice of intention to appear must be received no later than February 6, 2008 at 5:00 p.m. (PST), by the Clerk of the Court, Plaintiff's Counsel, and Defendants' counsel, at the addresses listed in question 10.

## GETTING MORE INFORMATION

### 16. Are There More Details About the Settlement?

This Notice summarizes the proposed settlement. This summary is qualified by, and subject to, the detailed terms of the Stipulation of Settlement together with its exhibits entered into as of August 2, 2007. You can get a copy of the Stipulation of Settlement during business hours at the Clerk of the Court, Maricopa County Superior Court, 201 W. Jefferson, #7D, Phoenix, Arizona, 85003; or by writing to Jeffrey P. Fink, c/o Robbins Umeda & Fink, LLP, 610 West Ash Street, Suite 1800, San Diego, CA 92101.

### 17. How Do I Get More Information?

You can call (619) 525-3990 or write to Robbins Umeda & Fink, LLP, 610 West Ash Street, Suite 1800, San Diego, CA 92101.

## SPECIAL NOTICE TO NOMINEES

If you held any Spirit Finance common stock as of the close of trading on March 12, 2007, through the Effective Time of the Merger as defined in the Merger Agreement as nominee for a beneficial owner, then, within ten (10) calendar days after you receive this Notice, you must either: (1) send a copy of this Notice by first class mail to all such persons or entities; or (2) provide a list of the names and addresses of such persons or entities to the Notice Administrator:

*Staehr v. Spirit Finance Corporation*
Notice Administrator
c/o Gilardi & Co. LLC
P.O. Box 8040
San Rafael, CA 94912-8040

If you choose to mail the Notice yourself, you may obtain from the Notice Administrator (without cost to you) as many additional copies of these documents as you will need to complete the mailing. Regardless of whether you choose to complete the mailing yourself or elect to have the mailing performed for you, you may obtain reimbursement for or advancement of reasonable administrative costs actually incurred or expected to be incurred in connection with forwarding the Notice and which would not have been incurred but for the obligation to forward the Notice, upon submission of appropriate documentation to the Notice Administrator.

***PLEASE DO NOT TELEPHONE THE COURT REGARDING THIS NOTICE.***

DATED: December 3, 2007                                                                        BY ORDER OF THE COURT
                                                                                              SUPERIOR COURT OF ARIZONA
                                                                                              COUNTY OF MARICOPA

*Staehr v. Spirit Finance Corporation*
Notice Administrator
c/o Gilardi & Co. LLC
P.O. Box 8040
San Rafael, CA 94912-8040

**Important Legal Document.**

# XXXX1