# **EXHIBIT A**

IN THE COURT OF CHANCERY OF THE STATE OF DELAWARE
IN AND FOR NEW CASTLE COUNTY

2007 DEC 20 A 11:49

NCC RIC

|  |  |  |
|---|---|---|
| GLOBIS CAPITAL PARTNERS, LP, | : | |
| Plaintiff, | : | |
| v. | : | C.A. No. 2772-VCS |
| SAFENET, INC. *et al.*, | : | |
| Defendants. | : | |

## ORDER AND FINAL JUDGMENT

A hearing having been held before this Court (the "Court") on December 20, 2007, pursuant to the Court's Order of October 1, 2007 (the "Scheduling Order"), upon a Stipulation and Agreement of Compromise, Settlement and Release, filed on September 27, 2007 (the "Stipulation"), it appearing that due notice of the hearing was given in accordance with the aforementioned Scheduling Order and that the notice was adequate and sufficient; and the parties having appeared by their attorneys of record; and the attorneys for the respective parties having been heard in support of the Settlement of the Action, and an opportunity to be heard having been given to all other persons desiring to be heard as provided in the Notice to the class; and the entire matter of the Settlement having been considered by the Court;

**IT IS HEREBY ORDERED, ADJUDGED AND DECREED**, this 20th day of December, 2007, as follows:

1. Unless otherwise defined herein, all capitalized terms shall have the meanings as set forth in the Stipulation.

2. The Notice of Pendency of Class Action, Proposed Settlement of Class Action, Settlement Hearing and Right to Appear ("Notice to the Class") has been given to the Class pursuant to and in the manner directed by the Scheduling Order; proof of the mailing of the Notice to the Class has been filed with the Court; and full opportunity to be heard has been offered to all parties, the Class and persons in interest. The form and manner of the Notice to the Class is hereby determined to have been the best notice practicable under the circumstances and to have been given in full compliance with each of the requirements of Delaware Court of Chancery Rule 23 and due process, and it is further determined that all members of the Class are bound by the Order and Final Judgment herein.

3. Based on the record in the Action, each of the provisions of Court of Chancery Rule 23 has been satisfied and the Action has been properly maintained according to the provisions of Court of Chancery Rules 23(a), 23(b)(1) and (b)(2). Specifically, this Court finds that (1) the Class, as defined below, is so numerous that joinder of all members is impracticable; (2) there are questions of law and fact common to the Class; (3) the claims of the Plaintiff are typical of the claims of the Class; and (4) Plaintiff and its counsel have fairly and adequately protected the interests of the Class.

4. The Action is hereby certified as a non-opt-out class action, pursuant to Court of Chancery Rules 23(a), 23(b)(1) and (b)(2), on behalf of all record and beneficial holders of SafeNet common stock from March 5, 2007 to and including April 12, 2007, the effective date of the consummation of the Merger (other than Defendants and their "affiliates" and "associates" (as those terms are defined in Rule 12b-2 promulgated pursuant to the Securities Exchange Act of 1934)), including the legal representatives, trustees, heirs, beneficiaries, executors, administrators, successors in interest, transferees and assigns of all such foregoing holders and/or

owners, immediate or remote (the "Class"). Further, Plaintiff Globis Capital Partners, LP is hereby certified as Class Representative.

5. The Settlement is found to be fair, reasonable and adequate and in the best interests of the Class, and is hereby approved pursuant to Court of Chancery Rule 23(e). The parties to the Stipulation are hereby authorized and directed to comply with and to consummate the Settlement in accordance with its terms and provisions, and the Register in Chancery is directed to enter and docket this Order and Final Judgment.

6. This Order and Final Judgment shall not constitute any evidence or admission by any party herein that any acts of wrongdoing have been committed by any of the parties to the Action and should not be deemed to create any inference that there is any liability therefor.

7. The Action is hereby dismissed with prejudice as to all Defendants named in the Action (including Lois Joyeusaz and John Joyeusaz, as Personal Representatives of the Estate of John Carter Beese, Jr., who were substituted for defendant J. Carter Beese, Jr. by Order of this Court dated August 10, 2007) and against Plaintiff and all other members of the Class on the merits and, except as provided in the Stipulation, without costs.

8. All claims, demands, rights, actions or causes of action, liabilities, damages, losses, obligations, judgments, suits, matters and issues of any kind or nature whatsoever, direct or derivative or otherwise, contingent or absolute, known or unknown, that have been asserted or could have been asserted, in any court, tribunal or proceeding (including, but not limited to, any claims arising under federal or state law), by or on behalf of the Plaintiff and/or the members of the Class (and/or their present or past legal representatives, trustees, heirs, beneficiaries, executors, estates, administrators, predecessors, successors, and assigns) (collectively, the "Releasing Persons"), against the Defendants in the Action, and/or their parent entities,

3

associates, affiliates or subsidiaries and each and all of their respective past, present or future officers, directors, stockholders, representatives, employees, attorneys, financial or investment advisors, consultants, accountants, investment bankers, commercial bankers, engineers, advisors or agents, heirs, beneficiaries, executors, trustees, general or limited partners or partnerships, personal representatives, including Lois Joyeusaz and John Joyeusaz, as Personal Representatives of the Estate of John Carter Beese, Jr., estates, including the Estate of John Carter Beese, Jr., administrators, predecessors, successors and assigns (collectively, the "Released Persons") which the Plaintiff or any member of the Class ever had, now have, or hereafter can, shall or may have by reason of, arising out of, relating to or in connection with the allegations, facts, events, transactions, acts, occurrences, statements, representations, misrepresentations, omissions or any other matter, thing or cause whatsoever, or any series thereof, embraced by, involved with, set forth in, or otherwise related to the Action, the Tender Offer, the Merger, or the Merger Agreement, including without limitation any disclosures, non-disclosures or public statements made in connection with any of the foregoing (collectively, the "Settled Claims") are hereby completely, fully, finally, and forever compromised, settled, released, discharged, extinguished, and dismissed with prejudice on the merits; *provided, however*, that, without otherwise limiting the generality of the foregoing, the Settled Claims shall not be construed to include:  (1) claims for appraisal pursuant to Section 262 of the Delaware General Corporation Law, (2) claims to enforce the Settlement, or (3) the claims variously asserted in the actions styled as *Golde v. SafeNet, Inc., et al.*, No. 06 Civ. 6194 (S.D.N.Y.), and *Police & Fire Retirement System of the City of Detroit v. SafeNet, Inc., et al.*, No. 06 Civ. 5797 (S.D.N.Y.).

9. The release set forth herein extends to claims that the Releasing Persons do not know or suspect to exist at the time of the release, which if known, might have affected the decision to enter into the release or to object or not to object to the Settlement. The Releasing Persons shall be deemed to waive, and shall waive and relinquish to the fullest extent permitted by law, any and all provisions, rights and benefits conferred by any law of the United States or any state or territory of the United States, principle of common law, foreign law, or any other law, which governs or limits a person's release of unknown claims. The Releasing Persons shall be deemed to relinquish, and shall waive and relinquish to the full extent permitted by law, the provisions, rights and benefits of Section 1542 of the California Civil Code, which provides:

> A general release does not extend to claims which the creditor does not know or suspect to exist in his favor at the time of executing the release, which if known by him must have materially affected his settlement with the debtor.

The Releasing Persons shall be deemed to waive, and shall waive and relinquish to the fullest extent permitted by law, any and all provisions, rights and benefits conferred by any law of any state or territory of the United States, or principle of common law, which is similar, comparable or equivalent to California Civil Code Section 1542. [handwritten: 12/20/07  and expenses]

10. Plaintiff's Counsel are hereby awarded attorneys' fees in the amount of $ ~~and expenses~~ in the amount of $ _1.2 Million_, which sums the Court finds to be fair and reasonable and which shall be paid to Plaintiff's Counsel by SafeNet or its successor in interest in accordance with the terms of the Stipulation.

11. The effectiveness of this Order and Final Judgment and the obligations of Plaintiff and Defendants under the Settlement shall not be conditioned upon or subject to the resolution of any appeal from this Order and Final Judgment that relates solely to the issue of Plaintiff's Counsel's application for an award of attorneys' fees and expenses.

6

12. Without affecting the finality of this Order and Final Judgment in any way, this Court reserves jurisdiction over all matters relating to the administration and consummation of the Settlement.

_____
Vice Chancellor