VICTOR F. BATTAGLIA
ROBERT D. GOLDBERG
PHILIP B. BARTOSHESKY
VICTOR F. BATTAGLIA, JR.

**BIGGS AND BATTAGLIA**
ATTORNEYS AT LAW
921 NORTH ORANGE STREET
P.O. BOX 1489
WILMINGTON, DELAWARE 19899
(302) 655-9677
TELECOPIER (302) 655-7924
Writer's Direct E-mail: Goldberg@batlaw.com

OF COUNSEL

S. BERNARD ABLEMAN
WILLIAM D. BAILEY, JR.

JOHN BIGGS III
1927-2009

July 19, 2010

**Via Hand Delivery**

The Honorable Joseph J. Farnan, Jr.
J. Caleb Boggs Federal Building
844 N. King Street
Room 4124
Unit 27
Wilmington, Delaware 19801-3529

      Re: *In re Intel Corp. Derivative Litigation*
           Case No. 09-00867 (JJF)

Dear Judge Farnan:

    Enclosed for the Court's consideration are two undocketed objections to the proposed settlement in the above-captioned matter that Lead Plaintiffs received from Intel shareholders Giles Birch and Lisa Mirable via first-class mail on Friday, July 16, 2010, and from Intel shareholder Norris Peterson via e-mail on Sunday July 18, 2010, respectively.

    In addition to substantive objections, these shareholders also assert that they received notice in the mail in an untimely fashion. Courts presiding over securities litigation have many times dealt with assertions that notice is untimely because a small percentage of shareholders often receive notice from their brokers later than desired. This has been held to be an inevitable risk to holding shares in "street name", and that a few out of over 1.6 million holders receive noticed later than projected does not mean that the notice program as a whole is inadequate. As the Sixth Circuit recently noted at length in *Fidel v. Farley*, 534 F.3d 508, 514 (6th Cir. 2008):

    This court has not yet had the opportunity to examine the reasonableness of notice in a shareholder class action wherein class members hold securities in street name. However, case law from other courts provides guidance on this issue. Addressing a similar claim to the one presented here, the Ninth Circuit noted, "the question before us . . . is not whether some individual shareholders got adequate notice, but whether the class as a whole had notice adequate to flush out whatever objections might reasonably be raised to the settlement." *Torrisi v. Tucson Elec. Power Co.*, 8 F.3d 1370, 1375 (9th Cir. 1993). Indeed, in each case in which a court has confronted this issue, notice provided to the class members' nominees--i.e., the brokerage houses--has been deemed sufficient

The Honorable Joseph J. Farnan, Jr.
July 19, 2010
Page 2

even if brokerage houses failed to timely forward the notice to the beneficial owners. *See DeJulius*, 429 F.3d at 936, 945-47 (finding notice sufficient where appellants, two beneficial owners, received notice of class settlement two weeks after deadline for filing objections and on the same day as the final fairness hearing); *Torrisi,* 8 F.3d at 1374-75 (concluding notice was sufficient where notice was mailed to some beneficial owners after deadline for filing objections had passed); *Silber,* 18 F.3d at 1453-54 (finding notice adequate where, due to late response of brokerage house, 1000 beneficial owners received notice after the opt-out deadline). Moreover, these decisions comport with notice principles articulated in the context of corporate law. *See, e.g., Enstar Corp. v. Senouf,* 535 A.2d 1351, 1354-55 (Del. 1987) (noting that the "attendant risks" of owning stock registered in street name, including the risk that the shareholder may not receive notice of corporate proceedings, are borne by the stockholder); Gilliland v. Motorola, Inc., 859 A.2d 80, 85 (Del. Ch. Ct. 2004) (holding that obligation to provide notice of merger was satisfied by sending notice to brokers or fiduciaries holding stock on behalf of beneficial owners); *see also In re MCA, Inc. S'holders Litig.,* No. 11740, 1993 Del. Ch. LEXIS 28, 1993 WL 43024, at *5 (Del. Ch. Ct. Feb. 16, 1993) (applying Enstar in concluding that notice of class action settlement was sufficient although many shareholders who held shares in street name did not receive timely notice).

While these objections do not raise any substantive arguments that have not already been raised by other objectors, and to which Lead Plaintiffs and Defendants have already responded, we nonetheless wanted to ensure that the Court received copies of them in advance of tomorrow's settlement hearing.

Respectfully Submitted,

Robert D. Goldberg (I.D. #631)

Enclosures
cc: All Counsel of Record (via e-filing)