# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| IN RE INTEL CORP. DERIVATIVE LITIGATION | C.A. No. 1:09-cv-867-JJF |

## DECLARATION OF MARC M. UMEDA IN RESPONSE TO LEAD PLAINTIFFS' RESPONSE TO OBJECTIONS BY SHAREHOLDERS CHRISTINE DEL GAIZO AND WILLIAM KELLEY PULS

I, Marc M. Umeda, declare as follows:

1. I am a partner with the law firm of Robbins Umeda LLP. I represent Intel Corporation ("Intel" or the "Company") shareholder Dr. Christine Del Gaizo ("Dr. Del Gaizo") in *Del Gaizo v. Otellini, et al.*, Case No. 1-08-CV-116137 (Cal Super. Ct.-Santa Clara County), a California State shareholder derivative action filed on June 26, 2008 ("California Action") and in connection with her objection to the proposed settlement of the above-captioned related shareholder derivative action.

2. I submit this declaration in response to Lead Plaintiffs' Response to Objections By Shareholders Christine Del Gaizo and William Kelley Puls.

3. On or about March 11, 2010, and on or about March 15, 2010, my partner Kevin A. Seely and I participated in telephone conversations with Laurence D. Paskowitz and Jeffrey C. Block, counsel for plaintiffs in the above-captioned matter (the "Delaware Plaintiffs' Counsel"). During these conversations, the Delaware Plaintiffs' Counsel agreed with Mr. Seely and I to work together in connection with the possible resolution of our clients' respective Intel shareholder derivative actions. We agreed that we would not have a "race to the bottom", that we would share

information, and that neither party would settle with defendants without agreement from the other party. Mr. Paskowitz sent me an e-mail on March 15, 2010 confirming that "we will now move forward in a collaborative manner and keep in close touch so that we can get the very best results in this case."

4. The representations of the Delaware Plaintiffs' Counsel during our March 11 and 15, 2010 communications were untrue. Specifically, the Delaware Plaintiffs' Counsel did exactly what they had agreed not to do - agreeing to a settlement without our client's agreement. The terms of their agreement are not acceptable to our client, Dr. Del Gaizo, and she has objected.

5. The Lead Plaintiffs' Response to Objections By Shareholders Christine Del Gaizo and William Kelley Puls includes further misrepresentations by the Delaware Plaintiffs' Counsel. Specifically, the statement that their efforts to include our client in a global settlement was "met with counter-discussions about how to obtain a $10+ million attorneys' fee, and Mr. Umeda's desire for his firm to receive 30%-40% of such a gargantuan fee" is false. *See* Joint Declaration of Jeffrey C. Block and Laurence D. Paskowitz in Support of Lead Plaintiffs' Unopposed Motion for Final Approval of Derivative Settlement and Application for an Aware of Attorneys' Fees and Reimbursement of Expenses [Dkt. No. 85], ¶9.

6. I purposefully avoided having any discussions of a fee arrangement with the Delaware Plaintiffs' Counsel because we wanted to resolve the substantive terms of the settlement first, if possible.

7. Instead, on or about April 12, 2010, during a telephone conversation that Mr. Seely and I had with the Delaware Plaintiffs' Counsel concerning the pending motion to dismiss in the Delaware Action, the Delaware Plaintiffs' Counsel raised for the first time the issue of a fee

3

agreement in the event we were able to agree upon a global settlement of the Intel shareholder derivative matters. We did not propose any "counter-discussions" concerning a fee agreement.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct. Executed this 16th day of July, 2010, at San Diego, California.

MARC M. UMEDA