IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

IN RE INTEL CORP. DERIVATIVE   :
LITIGATION,                    :
                               :  Civil Act. No. 09-867-JJF
                               :
                               :  **CONSOLIDATED**

---

Robert D. Goldberg, Esquire of BIGGS & BATTAGLIA, Wilmington, Delaware.

Lead Attorneys for Plaintiff Charles Gilman and Louisiana Municipal Police Employees' Retirement System.

Laurence D. Paskowitz, Esquire of PASKOWITZ & ASSOCIATES, New York, New York.
Jeffrey C. Block, Esquire; Bryan A. Wood, Esquire and Scott A. Mays, Esquire of BERMAN DEVALERIO, Boston, Massachusetts.

Co-Lead Attorneys for Plaintiff Charles Gilman and Louisiana Municipal Police Employees' Retirement System.

Joseph H. Weiss, Esquire and David C. Katz, Esquire of WEISS & LURIE, New York, New York.
Jules, Brody, Esquire of STULL, STULL & BRODY, New York, New York.
Seth D. Rigrodsky, Esquire and Brian D. Long, Esquire of RIGRODSKY & LONG, P.A., Wilmington, Delaware.

Attorneys for Related Plaintiffs.

Jonathan C. Dickey, Esquire and Marshall R. King, Esquire of GIBSON, DUNN & CRUTCHER LLP, New York, New York.
Donald J. Wolfe, Jr. Esquire and Stephen C. Norman, Esquire of POTTER ANDERSON & CORROON LLP, Wilmington, Delaware.

Attorneys for Nominal Defendant Intel Corporation and Defendants Otellini, Barrett, Pottruck, Shaw, Yoffie, Barshefsky, Plummer, Decker, Bartz, Donahoe and Yeary.

Kim David Staskus, Esquire of LAW OFFICE OF KIM DAVID STASKUS, P.C., San Jose, California.
Collins J. Seitz, Jr., Esquire and Bradley R. Aronstam, Esquire of CONNOLLY, BOVE, LODGE & HUTZ LLP, Wilmington, Delaware.

Attorneys for Defendant D. James Guzy, Sr.

Brian J. Robbins, Esquire; Marc M. Umeda, Esquire and Kevin A. Seely, Esquire of ROBBINS UMEDA LLP, San Diego, California.

Attorneys for Objector Christine Del Gazio.

---

**MEMORANDUM OPINION**

July 22, 2010
Wilmington, Delaware.

Farnan, District Judge.

Pending before the Court is the motion for approval of the Settlement of this derivative action and a request for attorneys' fees and costs by Lead Plaintiffs. In addition, a separate Motion For Final Approval Of Derivative Settlement And An Award Of Attorneys' Fees And Expenses (D.I. 72) has been filed by Martin Smilow and the Rosenfeld Family Foundation (the "Related Plaintiffs"), as shareholders of Intel Corporation and parties to the stipulation settling this derivative litigation. For the reasons discussed, the Court will approve the Settlement, award the attorneys' fees requested by counsel and agreed to by Intel Corporation, and grant the Motion filed by the Related Plaintiffs.

Pursuant to Federal Rule of Civil Procedure 23.1, the Court's approval is required to settle a derivative action. To grant its approval, the Court must find that the settlement is "fair, adequate, reasonable and proper, and in the best interests of the class and the shareholders." Bell Atlantic Corp. v. Bolger, 2 F.3d 1310, 1317 (3d Cir. 1993). In making this determination, the "principle factor" to be considered "is the extent of the benefit to be derived from the proposed settlement by the corporation, the real party in interest." Shlensky v. Dorsey, 574 F.2d 131, 147 (3d Cir. 1978) (citations omitted). In addition, the Court must also consider the following

1

additional factors:

> (1) the complexity, expense and likely duration of the litigation; (2) the reaction of the shareholders to the settlement; (3) the stage of the proceedings and the amount of discovery completed; (4) the risks of establishing liability; (5) the risks of establishing damages; (6) the risks of maintaining the derivative action through the trial; (7) the ability of the defendants to withstand a greater judgment;
> (8) the range of reasonableness of the settlement agreement in light of the best possible recovery; and (9) the range of reasonableness of the settlement fund to a possible recovery in light of all the attendant risks of litigation.

Girsch v. Jepson, 521 F.2d 153, 157 (3d Cir. 1975) (quotation omitted); see also Shlensky, 574 F.2d at 147 (applying the Girsh factors in the context of a shareholder derivative action). Within the context of these factors, the decision to grant or deny approval of a settlement rests within the discretion of the Court. Shlensky, 574 F.2d at 147.

After reviewing the proposed Settlement in light of the Girsh factors and the applicable case law, the Court finds that the Settlement is fair, adequate and reasonable and in the bests interests of the Company and its shareholders. The Court finds that the Girsh factors weigh in favor of the settlement, and in particular, is persuaded that the benefits of the corporate reforms agreed to be undertaken by Intel in connection with the Settlement far outweigh the expenses and risks of maintaining this complex action, including the significant burden of establishing liability required of Lead Plaintiffs in light of

2

the discovery produced to date, as well as the likelihood, that continued litigation of this action would certainly be protracted.

In addition, the Court finds, with respect to shareholder reaction, that it is very significant that only a few shareholders have objected to the settlement out of approximately 1.6 million shareholders.[1] (D.I. 94, 58, 63.) The objections raised essentially fall into two categories, those related to lack of adequate notice of the Settlement, and one challenging the substance of the Settlement on the basis that it does not include a pecuniary gain to Intel.

With respect to lack of notice, courts have recognized that untimely notice is an attendant risk of owning stock in "street name," and that the ultimate question with respect to notice is "'not whether some individual shareholders got adequate notice, but whether the class as a whole had notice adequate to flush out whatever objections might reasonably be raised to the settlement.'" Fidel v. Farley, 534 F.3d 508, 514 (6th Cir. 2008) (quoting Torrisi v. Tucson Elec. Power Co., 8 F.3d 1370, 1375 (9th Cir. 1993) and collecting cases). In this case, the Court concludes that notice was adequately provided to interested parties, on the whole, and therefore, the lack of timely notice

---

[1] Objectors who challenge the Settlement include Christine Del Gazio, William Kelly Puls, Giles A. Birch and Lisa G. Mirabile.

3

to the few shareholders who have objected is insufficient to withhold the Court's approval of the Settlement.

With respect to the substance of the Settlement, the shareholder objecting challenges the lack of monetary gain to Intel. The proponent of this objection is Dr. Christine Del Gaizo ("Dr. Del Gaizo"), who raises the possibility of recovery to the Company under its officers and directors' insurance policies. However, as counsel for Dr. Del Gaizo recognized at the hearing, the case law does not require a pecuniary gain to Intel, and in the words of counsel for Dr. Del Gaizo, "The Company got a good deal." (Hearing Tr. 7/20/10.) Indeed, Dr. Del Gazio could not identify any additional corporate governance measure that should have been sought from Intel that was not in the Settlement. Further, the Court finds that the corporate governance reforms initiated by Intel as a result of the parties' negotiations and this Settlement have value to both the Company and its shareholders both currently and in the long-term, and that these benefits outweigh the speculative potential of any monetary payment from the relevant insurance policies. In this regard, the Court notes that payment under the insurance policies turns not only on the onerous burden of establishing an antitrust violation in the first instance, but also on the perhaps more difficult burden, of establishing bad faith on the part of Intel's officers and directors. Accordingly, the Court will

4

overrule all of the Objections lodged against the Settlement and approve the Settlement, in its entirety.

In addition, the Court has considered the applications for attorneys' fees and expenses and concludes that they are reasonable and reflective of a substantial benefit rendered to the Company by the efforts of counsel. <u>Shlensky</u>, 574 F.2d at 149. In particular, the Court finds that the attorney lodestar, the relevant multipliers and the hours expended by counsel are fair and reasonable, and therefore, the Court will award counsel for both the Lead Plaintiffs and the Represented Plaintiffs the attorneys' fees and costs. Accordingly, the Court will enter the Order proposed by the parties.