IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| IN RE INTEL CORP. DERIVATIVE LITIGATION | C.A. No. 1:09-cv-867-JJF |

## ORDER AND FINAL JUDGMENT

The Stipulation of Settlement, dated May 25, 2010 (the "Stipulation") of this derivative action (the "Delaware Action"), and the settlement contemplated thereby (the "Settlement") were presented to the Court at the Settlement Hearing on July 20, 2010, pursuant to the Scheduling Order entered herein on June 3, 2010 (the "Scheduling Order"). The Stipulation was agreed to by the parties to the Delaware Action, by and through their attorneys.

The Court, having determined that notice of the Settlement Hearing was given to Intel shareholders of record in accordance with the Scheduling Order and that said notice was adequate and sufficient; having heard the Parties' support for the Settlement as articulated by their attorneys; having allowed all other persons entitled to be heard an opportunity to be heard on this matter as provided in the notice; and having considered all matters related to this Settlement, hereby

ORDERS, ADJUDGES, and DECREES as follows:

1. Capitalized terms used in this Order and Final Judgment but not defined herein shall have the meanings set forth in the Stipulation.

2. The Notice of Pendency of Derivative Action, Proposed Settlement of Derivative Action, Settlement Hearing and Right to Appear (the "Notice") has been given to shareholders of Intel Corporation ("Intel" or the "Company") pursuant to and in the manner directed by the Scheduling Order, proof of the mailing of the Notice has been filed with the Court, and full opportunity to be heard has been offered to all parties to the Delaware Action, Intel shareholders, and persons in interest. The form and manner of the Notice is hereby determined to have been the best notice practicable under the circumstances and to have been given in full compliance with and satisfaction of the requirements of Rule 23.1 of the Federal Rules of Civil Procedure and due process.

3. The Settlement is fair, reasonable, adequate and in the best interests of Intel and Intel's shareholders, and it is hereby approved. The Parties are hereby authorized and directed to comply with and to consummate the Settlement in accordance with its terms and provisions, and the Clerk of the Court is directed to enter and docket this Order and Final Judgment in the Delaware Action.

4. The Delaware Action is hereby dismissed with prejudice on the merits as to all Defendants, without costs, except as provided below.

5. All of the Settled Claims by Releasing Persons against Released Persons are completely, fully, finally and forever compromised, settled, released, discharged, extinguished and dismissed with prejudice. For purposes of this Order and Final Judgment, "Released Persons," "Releasing Persons," and "Settled Claims" mean the following:

    A. "Released Persons" means each and all of the Individual Defendants, each and all of the current and former officers, directors and

employees of Intel, and each and all of their respective agents, representatives, insurers, heirs, executors, personal or legal representatives, estates, administrators, predecessors, successors and assigns, and Intel as Nominal Defendant.

B. "Releasing Persons" means each and all of the Delaware Plaintiffs, the Related Plaintiffs, Intel and each and all of the past and present shareholders of Intel, and each and all of their respective officers, directors, employees, heirs, executors, personal or legal representatives, estates, administrators, predecessors, successors and assigns.

C. "Settled Claims" means all claims, demands, rights, actions or causes of action, liabilities, damages, losses, obligations, judgments, suits, fees, expenses, costs, matters and issues of any kind or nature whatsoever, whether known or unknown, contingent or absolute, suspected or unsuspected, disclosed or undisclosed, matured or unmatured, that have been, could have been, or in the future can or might be asserted by any of the Releasing Persons derivatively on behalf of Intel (or by Intel directly) in the Delaware Action or in the Related Actions, or in any other court, tribunal or proceeding (including, but not limited to, any claims arising under federal, state or foreign statutory or common law relating to alleged fraud, misrepresentation, breach of any duty of care or loyalty, negligence, corporate waste or mismanagement, contribution, indemnification, recoupment, disgorgement, or for violations of any antitrust or competition laws or otherwise) whether legal, equitable or any other type, which have arisen, arise now or hereafter arise out of, or relate in any manner to, the allegations, facts, events, practices, conduct, transactions, matters, acts, occurrences, statements,

representations, misrepresentations or omissions, or any fees, expenses or costs incurred in prosecuting, defending or settling the Delaware Action or the Related Actions, or any other matter, thing or cause whatsoever, or any series thereof, embraced, involved or set forth in, or referred to or otherwise related, directly or indirectly, in any way to, the Delaware Action or the Related Actions, or the subject matter of the Delaware Action or the Related Actions, and including, without limitation, any claims of a derivative nature brought on behalf of Intel (or by Intel directly) in any way related to (i) the Settlement, (ii) the fiduciary duties of the Individual Defendants or Released Persons relating to or in connection with the allegations made in the Delaware Complaint or the Related Actions, (iii) any compensation, bonus, or benefits received by any Released Persons relating to or in connection with the allegations made in the Delaware Complaint or the Related Actions; (iv) any disclosures or alleged misrepresentations or omissions that were made or allegedly not made by any of the Released Persons regarding the subject matter of the Delaware Action or the Related Actions, the Settlement or any other matters described or alleged in the Delaware Complaint or the Related Actions or this Settlement, or (v) the conduct alleged in the Antitrust Proceedings; *provided, however,* that the Settled Claims shall not include the right to enforce the terms of the Settlement. Nothing herein shall be construed to release any claim or cause of action asserted (a) by any governmental body in any pending litigation against Intel or (b) by any Intel shareholders in any pending class action against Intel.

6. All claims that have been or could have been asserted by any Individual Defendant or any other Released Person against the Delaware Plaintiffs or the Related

Plaintiffs or any of their counsel which arise out of or in any way relate to the institution, prosecution or settlement of the Delaware Action or the Related Actions are completely, fully, finally and forever compromised, settled, released, discharged, extinguished and dismissed with prejudice.

7. The releases contemplated by this Settlement extend to claims that the Releasing Persons do not know or suspect to exist at the time of the release, which if known by the Delaware Plaintiffs, plaintiffs in the Related Actions, or Intel might have affected their decisions to enter into this release, or might have affected any other Intel stockholder's decision not to object to this Settlement. The Releasing Persons will be deemed upon Final Approval by operation of the Order and Final Judgment to have waived and relinquished the provisions, rights and benefits of §1542 of the California Civil Code, which provides:

> A GENERAL RELEASE DOES NOT EXTEND TO CLAIMS WHICH THE CREDITOR DOES NOT KNOW OR SUSPECT TO EXIST IN HIS OR HER FAVOR AT THE TIME OF EXECUTING THE RELEASE, WHICH IF KNOWN BY HIM OR HER MUST HAVE MATERIALLY AFFECTED HIS OR HER SETTLEMENT WITH THE DEBTOR.

In addition, the Releasing Persons will be deemed, upon Final Approval by operation of the Order and Final Judgment, to have waived and relinquished any and all provisions, rights and benefits of any law of any state or territory of the United States, federal law, foreign law or principle of common law, which is similar, comparable or equivalent to §1542 of the California Civil Code. The Releasing Persons may hereafter discover facts in addition to or different from those now known or believed to be true with respect to the Settled Claims, but the Releasing Persons shall, upon Final Approval by operation of the Order and Final Judgment, be deemed to have completely, fully,

finally and forever compromised, settled, released, discharged and extinguished any and all Settled Claims known or unknown, suspected or unsuspected, which now exist, or heretofore existed, or may hereafter exist, and without regard to the subsequent discovery or existence of additional or different facts. The foregoing waiver was separately bargained for and is a key element of the Settlement.

8. The Delaware Plaintiffs, Intel, Intel's past and present shareholders, and anyone claiming through or for the benefit of any of them, are hereby permanently barred from asserting, commencing, prosecuting, assisting, instigating or in any way participating in the commencement, maintenance, or prosecution of any action or other proceeding, in any forum, asserting any Settled Claims.

9. Delaware Plaintiffs' Counsel and Related Plaintiffs' Counsel are hereby awarded attorneys' fees and expenses in the following amounts, which amounts the Court finds to be fair and reasonable and which shall be paid to Delaware Plaintiffs' Counsel and Related Plaintiffs' Counsel in accordance with the terms of the Stipulation:

    A. to Delaware Plaintiffs' Counsel and to counsel in the Paris Action, collectively, $1.9 million in attorneys' fees and expenses; and

    B. to Rosenfeld's Counsel, $850,000.00 in attorneys' fees and expenses.

10. This Order and Final Judgment shall not constitute evidence or admission by any party herein that any acts of wrongdoing have been committed by any of the parties to the Delaware Action and should not be deemed to create any inference that there is any liability therefore.

11. Without affecting the finality of this Order and Final Judgment in any way, the Court reserves jurisdiction over all matters relating to the administration and consummation of the Settlement in accordance with the Stipulation.

Dated: July 22, 2010

_____
UNITED STATES DISTRICT JUDGE

974559