

Honorable Joseph J. Farnan                                    526 Laguna Royale Blvd.

United States Courthouse                                      Unit #301

844 King Street                                               Naples, Fl 34119

Wilmington, Del 19801                                         July 16, 2010

Dear Judge Farnan:

I am writing directly to you because of the time factor and the seemingly improper
notification I received about my rights and the hearing on July 20, 2010 on the Intel
Corporation (copy of the first page of the action is attached).

Today (July 16, 2010), I received the notification that I had to submit any comments or
objections to the purposed settlement at least ten days prior to the hearing date. Given the
hearing date of July 20, 2010, you can see that this is physically impossible. The
notification also stated that if I did not make any statements, comments, or objections that
my rights to any further legal process would be forfeited. This timing and giving up my
rights is completely improper and an infringement of my rights under any and all laws.
Therefore I object to these tactics, intended or unintended. Please, at a minimum, mandate
that proper and timely notifications be made.

While I have the opportunity, I would further request that, as an Intel shareholder of some
800 shares for the past many years, that this case be dismissed and no attorney fees be
paid. This current settlement action is obviously just a farce to get attorney fees. It helps
not one shareholder and is nothing but a frivolous claim settlement. In fact, if powers to be
were available, I would recommend that the fees for the defense counsel be paid by the
plaintiffs and/or their attorneys. The frivolous nature, the fact that a similar case was
previously dismissed, and the fact that the plaintiffs are after not only the current fees, but
the fees of previous counsel indicates their deeper motives.

The set up of multiple committees, reviews and other unnecessary red tape within Intel is
going to cost the shareholders even more money and provide no appreciable results.

To put this in a nut shell this seems to be a bogus claim for the benefit of the plaintiff's
attorneys.

                                        Sincerely yours,

                                        Philip and Theresa Katzan

Cc:  L.D. Paskowitz     Paskowitz & Associates

     J.C. Dickey        Gibson, Dunn & Crutcher LLP

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| IN RE INTEL CORP. DERIVATIVE LITIGATION | : : : : C.A. No. 1:09-cv-867-JJF |

## NOTICE OF PENDENCY OF DERIVATIVE ACTION, PROPOSED SETTLEMENT OF DERIVATIVE ACTION, SETTLEMENT HEARING AND RIGHT TO APPEAR

**TO: ALL RECORD AND BENEFICIAL HOLDERS OF SHARES OF COMMON STOCK OF INTEL CORPORATION ("INTEL" OR THE "COMPANY") AS OF MAY 25, 2010.**

**PLEASE READ THIS NOTICE CAREFULLY AND IN ITS ENTIRETY. YOUR RIGHTS WILL BE AFFECTED BY THE LEGAL PROCEEDINGS IN THIS LITIGATION. IF THE COURT APPROVES THE PROPOSED SETTLEMENT, YOU WILL BE FOREVER BARRED FROM CONTESTING THE FAIRNESS, REASONABLENESS AND ADEQUACY OF THE PROPOSED SETTLEMENT AND FROM PURSUING THE SETTLED CLAIMS (DEFINED HEREIN).**

**IF YOU HOLD INTEL COMMON STOCK FOR THE BENEFIT OF ANOTHER, PLEASE PROMPTLY TRANSMIT THIS DOCUMENT TO SUCH BENEFICIAL OWNER.**

### 1. PURPOSE OF NOTICE

Pursuant to an Order of the United States District Court for the District of Delaware (the "Court") dated June 2, 2010, and further pursuant to Rule 23.1 of the Federal Rules of Civil Procedure, this Notice is to inform you of (a) the above-captioned action (the "Delaware Action") pending in the Court, (b) the proposed settlement of the Delaware Action (the "Settlement") as provided for in a Stipulation of Settlement (the "Stipulation") dated May 25, 2010, and (c) your right to participate in a hearing to be held on July 20, 2010 at 10 a.m., before the Honorable Joseph J. Farnan at the United States Courthouse, 844 N. King Street, Wilmington, Delaware 19801 (the "Settlement Hearing") to (i) determine whether the Court should approve the Settlement pursuant to Federal Rule of Civil Procedure 23.1 as fair, reasonable, adequate and in the best interests of Intel and its shareholders, (ii) determine whether an Order and Final Judgment should be entered dismissing the Delaware Action with prejudice, and releasing and barring prosecution of any and all Settled Claims, as defined below, (iii) consider and determine whether to enter an award of attorneys' fees and expenses to counsel for the plaintiffs in the Delaware Action and in the Related Actions, as defined below, and (iv) consider such other matters as the Court deems appropriate.

This Notice describes the rights you may have with respect to the Delaware Action and pursuant to the Stipulation and what steps you may take, but are not required to take, in relation to the Settlement.

### 2. FACTUAL BACKGROUND

**THE FOLLOWING RECITATION DOES NOT CONSTITUTE FINDINGS OF THE COURT. IT IS BASED ON STATEMENTS OF THE PARTIES AND SHOULD NOT BE UNDERSTOOD AS AN EXPRESSION OF ANY OPINION OF THE COURT AS TO THE MERITS OF ANY OF THE CLAIMS OR DEFENSES RAISED BY ANY OF THE PARTIES.**

On November 13, 2009, Charles A. Gilman, an Intel stockholder, commenced a shareholder derivative action in the Court (the "Gilman Action") on behalf of Intel against defendants Craig R. Barrett, Carol Bartz, Charlene Barshefsky, Susan L. Decker, John J. Donahoe, D. James Guzy, Sr., Paul S. Otellini, David S. Pottruck, James D. Plummer, Jane E. Shaw, David B. Yoffie, and Frank D. Yeary (collectively, the "Individual Defendants") and nominal defendant Intel (together with the Individual Defendants, the "Defendants").

e.      extinguish, discharge and release any and all claims that have been or could have been asserted by any Individual Defendant or any other Released Person against the Delaware Plaintiffs or any of their counsel which arise out of or in any way relate to the institution, prosecution or settlement of the Delaware Action; and

f.      determine the Delaware Plaintiffs' application and the Related Plaintiffs' application for an award of attorneys' fees and out-of-pocket expenses incurred in connection with the Delaware Action and the Related Actions

## 7.  PLAINTIFFS' COUNSEL'S ATTORNEYS' FEES AND EXPENSES

Intel agrees that it will pay to Delaware Plaintiffs' Counsel and Related Plaintiffs' Counsel up to the following amounts in attorneys' fees and expenses, as ordered by and subject to the approval of the Court (the "Fee and Expense Award"):

a.  to Delaware Plaintiffs' Counsel and to counsel in the Paris Action, collectively, up to $1,800,000 in attorneys' fees and expenses; and

b.  to Rosenfeld's Counsel, up to $850,000 in attorneys' fees and expenses.

The Delaware Plaintiffs and the Related Plaintiffs and their respective counsel agree that they will not request that the Court approve payment of attorneys' fees and expenses in excess of the amounts provided above, and they further agree that they will not seek an award of attorneys' fees and expenses in any of the Related Actions. Defendants agree not to oppose an application by the Delaware Plaintiffs and the Related Plaintiffs and their respective counsel for such approval in amounts no greater than set forth above. Approval by the Court of the Fee and Expense Award shall not be a precondition to approval of the Settlement or dismissal of the Delaware Action or the Related Actions in accordance with the Settlement. The Delaware Plaintiffs, the Related Plaintiffs and their respective counsel may not cancel or terminate the Settlement based on the Court's or any appellate court's ruling with respect to attorneys' fees and/or expenses. Any appeal relating to an award of attorneys' fees or expenses will not affect the finality of the Settlement, the Order and Final Judgment or the releases provided herein. The application for a Fee and Expense Award may be considered separately from the proposed Settlement.

## 8.  SETTLEMENT HEARING

The Court has scheduled a Settlement Hearing which will be held on July 20, 2010 at 10 a.m., at the United States Courthouse, 844 N. King Street, Wilmington, Delaware 19801 to:

(i) determine whether the Court should approve the Settlement pursuant to Federal Rule of Civil Procedure 23.1 as fair, reasonable, adequate and in the best interests of Intel and its shareholders;

(ii) determine whether to enter an Order and Final Judgment, as described above;

(iii) consider and determine whether to enter an award of attorneys' fees and expenses to Delaware Plaintiffs' Counsel and Related Plaintiffs' Counsel; and

(iv) consider such other matters as the Court deems appropriate.

The Court has reserved the right to adjourn the Settlement Hearing or any adjournment thereof, including the consideration an award of attorneys' fees, without further notice of any kind other than oral announcement at the Settlement Hearing or any adjournment thereof. The Court has also reserved the right to approve the Settlement at or after the Settlement Hearing with such modification(s) as may be consented to by the Parties to the Stipulation and without further notice to Intel shareholders.

## 9.  RIGHT TO APPEAR AND OBJECT

Any Intel shareholder who objects to the Settlement, the Order and Final Judgment to be entered in the Delaware Action, and/or the applications by Delaware Plaintiffs' Counsel and Related Plaintiffs' Counsel for an award of attorneys' fees and expenses, or who otherwise wishes to be heard, may appear in person or by his or her attorney at the Settlement Hearing and present evidence or argument that may be proper and relevant; provided, however, that, except for good cause shown, no person shall be heard and no papers, briefs, pleadings or other documents submitted by any person shall be considered by the Court unless not later than ten (10) business days prior to the Settlement Hearing such person files with the Court and serves upon counsel listed below: (a) a written notice of intention to appear; (b) proof of ownership of Intel stock; (c) a statement of

9

such person's objections to the Settlement, or any related matters before the Court; and (d) the grounds for such objections and the reasons that such person desires to appear and be heard, as well as all documents or writings such person desires the Court to consider. Such filings shall be served upon the following counsel:

> Laurence D. Paskowitz, Esq.
> PASKOWITZ & ASSOCIATES
> 60 East 42nd St., Suite 4600
> New York, NY 10165

> and

> Jeffrey C. Block, Esq.
> BERMAN DEVALERIO
> One Liberty Square
> Boston, MA 02109

> Co-Lead Counsel for the Delaware Plaintiffs

> and

> Jonathan C. Dickey, Esq.
> GIBSON, DUNN & CRUTCHER LLP
> 200 Park Avenue, 47th Floor
> New York, NY 10166

> Attorneys for Intel and the Individual Defendants other than D. James Guzy

> and

> Kim David Staskus, Esq.
> LAW OFFICES OF KIM DAVID STASKUS, P.C.
> 1631 Willow Street, Suite 100
> San Jose, CA 95125
> Attorneys for Defendant D. James Guzy

Unless the Court otherwise directs, no person shall be entitled to object to the approval of the Settlement, any judgment entered thereon, any award of attorneys' fees, or otherwise be heard, except by serving and filing a written objection and supporting papers and documents as prescribed above. **Any person** who fails to **object in the** manner **described above shall** be deemed to have waived the right to object (including any right of appeal) and shall be forever barred from raising such objection in this or any other action or proceeding.

## 10. NOTICE TO PERSONS OR ENTITIES HOLDING OWNERSHIP ON BEHALF OF OTHERS

Brokerage firms, banks and/or other persons or entities who held shares of the common stock of Intel as of May 25, 2010 for the benefit of others are directed promptly to send this Notice to all of their respective beneficial owners. If additional copies of the Notice are needed for forwarding to such beneficial owners, any requests for such copies may be made to:

> Intel Corp. Noticing Administrator
> C/O Kurtzman Carson Consultants, LLC
> P.O. Box 56798
> Jacksonville, FL 32241-6798

> Email: SecuritiesNotice@kccllc.com

10

39.513

Page 5 of 18

**PHILIP KATZAN AND
THERESA KATZAN**                    **JTWROS**

MAY 1 - MAY 31, 2010
ACCOUNT NUMBER:

# Stocks and Options

## Stocks continued



| DESCRIPTION | % OF ACCOUNT | QUANTITY | ADJ PRICE/ ORIG PRICE | ADJ COST/ ORIG COST | CURRENT PRICE | CURRENT MARKET VALUE | UNREALIZED GAIN/LOSS | ESTIMATED ANNUAL INCOME | ESTIMATED ANNUAL YIELD (%) |
|---|---|---|---|---|---|---|---|---|---|
| DIRECTV CLASS A COMMON DTV Acquired 09/21/99 L | 0.03 | 9 | N/A## | N/A | 37.6900 | 339.21 | N/A | N/A | N/A |
| FIRSTENERGY CORP FE - HELD IN MARGIN Acquired 04/30/98 L | 0.16 | 58 | N/A## | N/A | 35.2100 | 2,042.18 | N/A | 127.60 | 6.24 |
| FMC TECHNOLOGIES INC FTI Acquired 07/07/08 L | 0.46 | 100 | 67.97 | 6,899.05 | 58.1500 | 5,815.00 | - 1,084.05 | N/A | N/A |
| GENERAL ELECTRIC COMPANY GE - HELD IN MARGIN Acquired 08/27/97 L Acquired 03/14/08 L | | 300 200 | 20.89 33.41 | 6,311.50 6,784.50 | | 4,905.00 3,270.00 | - 1,406.50 - 3,514.50 | | |
| **Total** | **0.64** | **500** | | **$13,096.00** | **16.3500** | **$8,175.00** | **- $4,921.00** | **$200.00** | **2.45** |
| GOLDMAN SACHS GROUP INC GS Acquired 03/05/08 L | 1.14 | 100 | 165.19 | 16,598.33 | 144.2600 | 14,426.00 | - 2,172.33 | 140.00 | 0.97 |
| GOOGLE INC CL A GOOG Acquired 12/15/08 L Acquired 12/15/08 L Acquired 12/15/08 L Acquired 12/15/08 L Acquired 12/15/08 L Acquired 12/15/08 L Acquired 12/15/08 L | | 40 10 10 10 10 10 10 | 309.20 309.20 309.20 309.20 309.20 309.20 309.20 | 12,404.80 3,101.21 3,101.20 3,101.20 3,101.20 3,101.20 3,101.20 | | 19,425.20 4,856.30 4,856.30 4,856.30 4,856.30 4,856.30 4,856.30 | 7,020.40 1,755.09 1,755.10 1,755.10 1,755.10 1,755.10 1,755.10 | | |
| **Total** | **3.82** | **100** | | **$31,012.02** | **485.6300** | **$48,563.00** | **$17,550.98** | **N/A** | **N/A** |
| INTEL CORP INTC Acquired 10/29/97 L | 1.35 | 800 | 20.23 | 16,273.00 | 21.4200 | 17,136.00 | 863.00 | 504.00 | 2.94 |
| JOHN BEAN W/I TECHNOLOGIES CORP JBT Acquired 07/07/08 L | 0.03 | 21 | 15.57 | 327.10 | 17.1900 | 360.99 | 33.89 | 5.88 | 1.62 |



WS9.49MD   004338 14912561.1349   NNNN NNNNN NNNNNNNN 000004

020 F9 F990